## Charles Blind, Defendant in Error, v. J. Ellsworth Griffin, Plaintiff in Error.

### Gen. No. 16,336.

1. MUNICIPAL COURT—*how form of action determined in cases of the 4th class in the Municipal Court.* Written pleadings are not required, and if the court has jurisdiction of the subject-matter and the parties such judgment may be entered as the circumstances of the case may require.

2. RES JUDICATA—*when judgment not.* If the maker of a note the consideration of which has failed, pays the same to one who he believes at the time is an innocent holder for value, he may subsequently, upon finding out that such party was not an innocent holder for value, recover the amount paid, though the note in question had been reduced to judgment under a power to confess.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

CHARLES DANIELS and SUMNER C. PALMER, for plaintin error.

E. J. KELLEY, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the plaintiff, Charles Blind, against the defendant, J. Ellsworth Griffin, doing business as J. Ellsworth Griffin & Company, for money theretofore paid out by the plaintiff on two notes given by him to the defendant. The case was tried before the court without a jury, and there was a finding upon which judgment was rendered. The case is brought here by the defendant, Griffin, by a writ of error.

From the record it appears that the defendant, J. Ellsworth Griffin, was president and treasurer of an Illinois corporation known as the Illinois Securities

Company. C. Edward Smith was vice-president of the same company. In July, 1904, while these two men were occupying their positions as such officers of the Illinois Securities Company, Smith offered to sell to Charles Blind, the plaintiff, forty shares of stock of the par value of $50 for the sum of $250, and to take his notes therefor. Two notes were made out to the order of J. Ellsworth Griffin & Co., one for $100 and one for $150. Afterwards these notes were endorsed by Griffin, and apparently came into the possession of two different persons, named Braughan and Kaplinski, who afterwards began suit upon them. The notes included powers of attorney to confess judgment. The plaintiff, Blind, made payments on the $150 note to one of the attorneys of record in this case who acted for Kaplinski. On the $100 note Blind paid the full amount of the note, interest and costs, to a constable. Part of the amounts it seems was paid prior to the rendition of judgments, and the rest after judgments had been entered.

It is claimed that because judgments were entered and no defense interposed by Blind that he may not maintain his suit, because the judgments are *res adjudicata*. It is true Blind testified that he knew when he sued all of the facts as testified to by him in the hearing of the case now before us. However, in this case there is no testimony, so far as we have been able to discover, that Blind knew or had reason to know that Kaplinski and Braughan were not holders for value.

In his answers to written interrogatories propounded to him prior to the trial of the case, Griffin declared that he did not recollect whether on July 19th, or at any other time, he received the two notes; that he knew C. E. Smith, but did not know that he was the one referred to whose name appears on the note for $100 mentioned in the statement of claim; that Smith was not employed by him during the month of July, 1904; that he had some business dealings with Smith

during 1904, but the exact details he did not recollect; that he did not recollect that previous to September 18, 1904, or at any other time, he endorsed the note for $150 and delivered the same to Kaplinski; that he did not recollect that previous to September 18, 1904, or at any other time, he endorsed the note for $100 and delivered the same to Braughan or any other person; that he did not know whether the attorney referred to represented Kaplinski, and did not recall whether one Williams or Blair or the Imperial Credit Company represented him in the matter of the collection of the $150 note; that he did not recollect that he received any money paid by Blind on account of said notes from Kaplinski, the said attorney, or any one else; that it was not a fact that he agreed to give Blind any stock of the Illinois Securities Company; that he did not recall ever having authorized any person to commence suit on the $150 note in the name of Kaplinski, or the $100 note in the name of Braughan.

When called as a witness in his own behalf at the trial, Griffin stated that Smith was vice-president in July, 1904, and that he, Griffin, was president and treasurer of the Illinois Securities Company; that both were selling stock in the company; that he had no private relations with Smith; that Smith was selling stock as an officer of the company, and that he, Griffin, was also doing so; that Smith brought these two notes to him, and as they were payable to him he endorsed them, and gave one back to Smith and turned the other over to the company as a part of its assets; that he himself never received any money on either of the notes. It is noteworthy that in his affidavit of meritorious defense filed in the suit he states the following:

"That the plaintiff paid said money to this defendant on said notes voluntarily; that this defendant was an innocent *bona fide* holder of said notes before maturity and paid value therefor; that said notes were

given for good and valuable consideration; that the consideration never at any time failed; that said notes were executed and delivered by plaintiff for stock in an incorporated company; and that said stock was and is ready for delivery to said plaintiff on demand."

Blind testified that he had demanded the stock of both Smith and Griffin and that it had never been received by him. From the defendant's, Griffin's own testimony it would seem that Smith also was selling the stock for the Securities Company. Why the notes should have been made out to Griffin (as Griffin & Co.) individually and not to the Securities Company is not explained. It is apparent that Griffin endorsed the notes in blank and put it into the power of Kaplinski and Braughan to coerce the plaintiff into paying them, and that the plaintiff was compelled to pay them. Of course if he had known at the time suits were brought upon the notes that Kaplinski and Braughan respectively were not innocent holders for value, Smith should have interposed the defense suggested. Allen v. Haley, 169 Ill. 532.

The case before us being one of fourth class in the Municipal Court of Chicago, it is immaterial whether the basis of the action is contract or tort. Written pleadings are not required, and if the court has jurisdiction of the subject-matter and the parties such judgment may be entered as the circumstances of the case may require. Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311.

We think the plaintiff in this case was defrauded out of the amount of money for which judgment has been rendered, and that the defendant, Griffin, participated in such fraud. The glaring discrepancies and contradictions in his testimony, the answer to interrogatories, and in the affidavit made by him and filed in the case, tend very strongly to confirm us in our opinion in this regard. We find no error in the record, and the judgment is affirmed.

*Affirmed.*