Syllabus.    Statement of the case.

## St. Louis, Jacksonville & Chicago Railroad Company

### *v.*

### Isaac Mitchell.

1. RAILROADS—*of damages in condemning lands.* It is a proper element of damages, in condemning lands for railway purposes, to consider the cost of erecting and maintaining a fence along the line of the proposed railway. This rule is deducible from a proper construction of the law of 1855, in regard to fencing railways.

2. When the damages so assessed have been paid by the railroad company, they may maintain an action against the land owner, if he neglects to fence, and this obligation becomes a covenant running with the land.

3. But if the railroad company erect the fence, and furnish the materials therefor, and the damages assessed in this regard are for the maintaining and keeping in repair such fence, the liability of the land owner is limited by the nature of the obligation which he assumes in that regard, and if such is the nature of the damages assessed, and the company afterward neglect to fence, the land owner may himself build it and recover the cost.

4. SAME—*of the finding of the jury.* The finding of the jury should show on what basis the damages are assessed, in order that the record may show hereafter the rights of the parties.

APPEAL from the Circuit Court of McLean county; the Hon. John M. Scott, Judge, presiding.

This was a proceeding instituted by the St. Louis, Jacksonville & Chicago Railroad Company, to obtain the right of way across certain lands owned by Isaac Mitchell. The proceedings were commenced by petition to a justice of the peace who appointed three commissioners to assess any damages which might accrue thereby. The commissioners assessed the damages at $700. An appeal was taken by Mitchell to the McLean Circuit Court on the amount of damages, and trial had thereon. The cause was tried by a jury, and a verdict for $3,974.00 and judgment on the verdict. The defendant brings the cause to this court on appeal, and

makes, as the real point in issue, the additional damages
assessed by the jury, for erecting and maintaining the fences
running along the line of the road and through the plaintiff's
farm.    The defendant offered to prove, that at the time of the
trial they were in the act of building the fence; that the lum-
ber and posts were on the ground, the contract let, and that
the work would be done in about two weeks.    This testimony
was excluded on the trial, and the defendant desires to have
the whole question, of the right of the plaintiff to recover
damages at all, for fencing, reviewed by this court.

Messrs. Williams & Burr, for the appellants.

Mr. W. H. Hanna, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court :

It was held in the case of *T. & P. R. R.  Co.* v. *Unsicker*,
22 Ills., 223, that the cost of erecting and maintaining a fence
was a proper element of damages in condemning land for rail-
way purposes.    The same principle was applied in *R. Island
& Alton R. R.  Co.* v. *Lynch*, 23 Ills., 645.    These cases must
be considered as settling the construction of the statute.    The
2d section of the law of 1855 in regard to fencing railways,
evidently contemplates that the cost of fencing may be assessed
as damages, and when these damages are paid, the company
may maintain an action against the owner if he neglects to
fence, and this obligation becomes a covenant running with
the land.

But it was also held, in the case of the *Jacksonville &
Savanna R. R.  Co.* v. *Kidder*, 21 Ills. 134, that in assessing
damages for the condemnation of land, the plans of the com-
pany for the construction of the road were admissible in evi-
dence, to enable the jury to fix the damages with more
precision, and if afterward the company should so change its

plans as to inflict greater injury on the land owner, he could bring his action on the case, and recover the increased damages. Under this ruling, the evidence offered in this case, showing the company had contracted for the building of the fence through the appellee's land in two weeks, and provided the lumber, should have been admitted. The appellee, under this evidence, would have been entitled, in regard to the fence, only to such sum as would cover the cost of keeping it in repair, and if the company should fail to fence, the appellee could recover the cost of building it hereafter. The finding of the jury should show on what basis the damages are assessed, in order that the record may show hereafter the rights of the parties.

*Judgment reversed.*