## DANIEL DOYLE ET AL., IMP'D, ETC.

### v.

## SHERMAN E. BAUGHMAN.

*Drainage—Power of Commissioners to Change District Boundaries—Petition—Additional Signatures—Final Order—Defect—Act of 1885—Retrospective Effect of—Trespass—De Facto Officers—Contractors—Damages—Presumption—Res Adjudicata.*

1.   It is within the power of the commissioners to change the boundaries of a drainage district so as to exclude lands already included or to include additional lands.   They may also permit additional signatures to the petition.

2.   In an action of trespass against certain drainage commissioners and contractors, it is *held:* That a defect in the final order organizing the district was cured by the Act of 1885; that the commissioners were such *de facto* officers as to afford protection to the contractors and their employes; that it must be presumed that the plaintiff's entire damages, " consequent upon the construction of the proposed work," were considered by the jury in the condemnation proceedings; and that the verdict for the plaintiff is against the law and evidence.

3.   Where a proceeding under a statute is defective in some particular which the Legislature might have dispensed with, it may be dispensed with by a subsequent act operating retrospectively.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Christian County; the
Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. ANTHONY THORNTON and JAMES M. TAYLOR, for
appellants.

Mr. JOHN G. DRENNAN, for appellee.

The drainage district was not legally organized, and this
being an action of trespass against appellants as individuals the
appellee had the right to attack the organization of the drain-
age district, when set up in justification of the acts of appellants,
and such attack is not collateral. Blake v. The People, 109
Ill. 504, 517; Stowe v. Flagg, 72 Ill. 397; Biglow v. Gregory,
73 Ill. 197.

WALL, J.   This was an action of trespass *quare clausum
fregit*, by the appellee against the appellants; verdict and
judgment for plaintiff below for $395.83.

Three of the appellants, Doyle, Vermillion and Salliday,
were Highway Commissioners of Stonington Township, and
by operation of law, drainage commissioners of the town.

They assumed to organize a drainage district, and made a
contract under which certain ditches were constructed on the
lands of the appellee.   The other appellants were the con-
tractors and their employes in doing the work.

The entry upon the land and the making of the ditches
were the trespasses complained of.   The appellants justified
under the right of the drainage commissioners to cause said
ditches to be constructed.   Whether the organization of the
drainage district was legally effected, was one of the questions
made on the trial and controverted here.   The only objection
urged is that the district, as finally organized, comprised forty
acres of land not embraced in the original petition and other
proceedings.

It is within the power of the commissioners to change the
boundaries, so as to exclude or include lands, and they may

"permit additional signatures to be made to the petition by any adult person owning land in, or owning land desired to be taken in the proposed district, to the end that a majority of the adult owners of land in the district as finally to be organized, and who shall be owners in the aggregate of more than one-third of such land, shall have signed the petition, which facts said commissioners shall find and shall put such finding in writing." The final order of the commissioners organizing the district did not find that the district, as so organized, including this forty-acre tract, had been petitioned for by a majority of the adult owners, and owners of more than one-third of the lands therein, but such was the finding in the order made at the first meeting, and in the final order the map or plat showing the boundaries of the district and the lands included therein, was referred to as filed therewith. Turning to this map and comparing it with the petition, it readily appears that these statutory requirements, as to ownership in the petitioners, were abundantly complied with, and that the failure to set out the finding to that effect was probably the result of more inadvertence.

Without discussing or deciding the question whether this omission would divest the commissioners of the defense which their official character of drainage commissioners would give them when called to account for their own acts, we think it is clear they were such *de facto* officers as that protection would be afforded to the contractors and their employes for any act properly performed by their direction, and that as to these the organization of the district must be regarded sufficient and legal. The proper proceedings had been instituted and there was jurisdiction to act therein. The only complaint is of an irregularity in the final order. As to the public and the rights of third persons there was a *de facto* organization at least. Blake v. People, 109 Ill. 504, and the authorities there cited. Whether the organization is so faulty as not to afford protection to the appellants Doyle, Vermillion and Salliday, who aver that by reason of their proceedings in such organization they clothed themselves with an official character, need not be determined, in view of the curative statute of 1885.

Doyle v. Baughman.

This act in unequivocal terms declares that all drainage districts heretofore organized under any one or more of the acts hereby repealed (1879, 1881, 1883) shall be held, and are hereby declared to be legally organized and the assessments made therein shall be held legally made.

The validity of this act is not to be settled in this court, but there seems to be no reasonable ground to call it in -question. Where the thing which failed to be done and which constitutes the defect in the proceeding is something which the Legislature might have dispensed with the necessity of, by a prior statute, then a subsequent act dispensing with it retrospectively must be held valid. Cooley on Const. Lim. 371; Blake v. The People, etc., *supra;* and such curative legislation may be efficient, though "passed after the litigation began." Cowgill v. Long, 15 Ill. 202. The organization of the drainage district may, therefore, be regarded as legal so far as it is concerned in the present inquiry.

It appears from the record that the most important and substantial ground of complaint by the plaintiff below was that the dirt taken out of the ditches was left upon the land along, and twelve feet distant from the ditches on either side, in irregular piles, thereby interfering with the cultivation of the land not occupied by the ditches.

The drainage commissioners were not able to obtain the release of the appellee and proceeded under the statute to condemn the right of way and assess the damages of the appellee in the premises. A trial was had and a finding by jury, which remains unreversed and in force, that those damages were $138. There was upon the trial of the present case a contention by the appellee that such assessment did not cover his damages in the respect named for so leaving the dirt upon his land, but that it included merely the right of way and other damages.

Under the statute in question it is provided that upon such assessment of damages "the jury shall hear the evidence offered in the case as to the value of the land proposed to be taken and all damages consequent upon the construction of the proposed work."

Of course the only part actually taken is what is covered by or included in the ditch but "the damages consequent upon the construction of the proposed work" might well embrace such as those complained of. It appears very plainly that to properly construct the ditch the course pursued here was necessary and that such is the result, and uniform if not the universal, practice in such works. It appears also that it was so contemplated in this instance from the form of release which was sought to have executed by appellee and which was before the jury on the trial of the condemnation case.

Whatever was proper for the jury to take into account as a part of the damages consequent upon the construction of the proposed work it must be presumed, was considered by them on such assessment and such an item can not be the subject of another claim for damages. The matter is *res judicata.* Freeman on Judgments, 272.

We think there can be no reasonable doubt that this item was within the scope and range of the investigation upon the assessment of damages. The organization of the district being deemed regular for present purposes the only important question of fact to be determined by the jury, was whether the damages now complained of were "such as were consequent upon the construction of the proposed work." If they were, then it is a presumption of law, which the jury were not at liberty to disregard, that these damages were included in the assessment referred to and could not, therefore, form the basis of an allowance in the case at bar.

The instructions given by the court are complained of by the appellants and so far as they are not in harmony with the views here suggested we deem them erroneous.

The verdict is manifestly against the law and evidence, and should have been set aside. It is not necessary to consider the instructions in detail as what has been said will sufficiently indicate the course to be taken on another trial in this respect. The judgment is reversed and the cause remanded.

*Reversed and remanded.*