# The Advance Elevator and Warehouse Company

## v.

## John Eddy.

*Action for Damages to Real Property—Railroad and "Conveyor" in Alley—Nuisance—Parties—Extent of Damages—Light—Prescription.*

1. A person in the peaceable possession of real estate may maintain an action to recover damages for an injury to his possession. Such possession is sufficient evidence of ownership to permit proof to go to the jury of any permanent injury to the inheritance, but, when the fee is shown to be in another, the plaintiff will be limited in his recovery to injuries to his possession and possessory right.

2. In the case presented, it is *held:* That there does not appear any sufficient evidence as to the injury sustained by the plaintiff to his possession; that from the amount of the verdict it is evident the jury allowed as damages the depreciation in the market value of the premises; that the railroad

complained of, having been abandoned and the "conveyor" destroyed by fire, there can be no recovery for prospective damages for a continuance of the nuisance; that the plaintiff failed to show any prescriptive right to the uninterrupted enjoyment of light through certain windows; that the railroad embankment in a public alley was a public nuisance, the defendant being without authority to construct said railroad; and that the plaintiff can only recover such special damages because of the obstruction as he may have sustained different from that of the general public.

[Opinion filed June 7, 1887.]

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding.

This was an action on the case originally commenced by the appellee jointly with one William Eddy. The declaration is substantially as follows: The plaintiffs on the 1st day of December, 1881, were the owners in fee simple and occupiers of lot No. 6 of block 1 of the Ferry Division of the City of East St. Louis, having a frontage of thirty feet on Front Street in said City of East St. Louis, and a depth of 110 feet to a forty-foot alley occupied with large frame building occupied and used as a saloon and boarding house by plaintiffs; that the said Front Street was and is a public highway of the City of East St. Louis, the free and unobstructed use of which is essential to the enjoyment by plaintiffs of their premises, which said premises extend to an alley having a width of forty feet, which plaintiffs also enjoyed the free and unobstructed use of, which is essential to the convenience of said premises, which they enjoyed without hinderance or peril. Yet the said defendant, not regarding the rights of plaintiffs on said day last aforesaid, constructed and operated a railroad track over and across said Front Street and immediately against plaintiffs' property, and did with said railroad track and its engine, locomotive and cars so occupy, possess and obstruct said street and alley and a portion of Wiggins Street, which street connects with said alley, so as to cut off ingress and egress to and from said house and back yard of same through and by said alley; by reason and in consequence thereof plaintiffs' business was and is almost destroyed. In consequence of

said obstruction and the noise, confusion, shaking, and the near approach to plaintiffs' house at said street by the running of cars and locomotives, the dust and smoke which is constantly thrown into the house, also by the obstruction of their access to the railroad depots, preventing wagons, carriages or other vehicles of any kind from coming to their place, preventing guests and the general public from coming to their place of business, and also preventing the plaintiffs from passing in and about their said alley to and upon Wiggins Street free and unobstructed, without danger, peril, or inconvenience, and by reason of said obstruction, noise, shaking, near approach, smoke, dust, confusion and deprivation of access, by running said locomotive, engine and cars along the length of their lot across the said street and alley and upon Wiggins Street, the plaintiff has been greatly damaged.

The second count alleges that on December 1, 1881, plaintiffs were the owners in fee simple, and occupiers of said lot 6, block 1, Ferry Division of East St. Louis, with frame building thereon, occupied and used as a boarding house by plaintiffs; that the defendant on or about the 1st day of November, 1881, constructed and operated a conveyor, a building about eighteen feet distant, above the level of the ground, placed upon posts, said building or conveyor being about ten feet high and ten feet wide, with five windows on the north side of said conveyor, along the length of plaintiffs' house; the roof of said conveyor is somewhat slanting, made of gravel, which causes the snow to fall on plaintiffs' house and run into the cellar, plaintiff's being several feet lower than said conveyor, and about five feet north of the same, thereby causing the plastering to be injured in the rooms on the south side of said house, if windows were kept open for ventilation, and breaking the glass of the same, necessitating the plaintiff to keep the same closed, cutting off proper ventilation, and also obstructing the light from said windows; and said conveyor, causing noise to be kept up by the machinery of the same, thereby disturbing the family and boarders of the plaintiff, by reason of all of which plaintiff has been greatly injured, to the damage of $10,000, and therefore he brings suit, etc.

The general issue was pleaded and a trial had, resulting in a verdict for the plaintiff. Upon the trial a deed was introduced, executed by the Wiggins Ferry Company to John Eddy, and proof made that John Eddy had been and still was in possession of the premises under the deed. William Eddy was dismissed as co-plaintiff, and the trial proceeded in the name of the present appellee.

The defendant offered in evidence a warranty deed from John Eddy and wife to William Eddy, dated July 30, 1875, conveying the premises alleged to have been injured. It appears from the evidence that the railroad track of which complaint is made was constructed some time in 1881, and was used for the purpose of transporting grain from the elevator to the river front, to be loaded upon barges, a distance of about five hundred feet. After the construction of the grain conveyor complained of in the second count of the declaration, the use of the track was discontinued. The conveyor was destroyed by fire March 11, 1886, as also was the house of Eddy. In the view taken by the court it becomes unnecessary to refer in detail to the evidence relating to the question of damages. The defendant below brings this case here by appeal.

Messrs. FLANNIGEN & CANBY, for appellant.

Messrs. W. H. BENNETT and L. H. HITE, for appellee.

PILLSBURY, J. A person in the peaceable possession of real estate may maintain an action to recover damages for an injury to such possession. Such possession is also sufficient evidence of ownership to permit proof to go to the jury of any permanent injury to the inheritance, but when the fee is shown to be in another than the plaintiff, then he will be limited in his recovery to injuries to his possession and possessory rights.

The deed from the appellee to William Eddy conveyed the fee of the premises to the grantee therein and for any injury to the inheritance the right of action vests in him alone.

Looking into the record it is seen that the evidence upon the question of damages is directed to the depreciation in the market value of the premises, and permanent injury to the house, caused by the erection and maintenance of the nuisance complained of, and there does not appear any sufficient evidence upon which the jury could form an intelligent opinion of the injury sustained by plaintiff below to his possession. It is quite evident from the amount of the verdict, considered in the light of the testimony, that the jury allowed as damages the depreciation in the value of the premises. This could not have been properly allowed for another reason. The evidence shows that the use of the railroad had been abandoned and the conveyor destroyed by fire before the trial, consequently there can be no ground for the recovery of prospective damages for a continuance of the nuisance. As to the point made that the conveyor obstructed the light to the windows of the Eddy house, it is only necessary to say that the proof is that the windows were but recently put in that side of the house, and after the appellant removed a building which had before that time excluded the light and air to a much greater extent than the conveyor did after its erection. The plaintiff failed to show any prescriptive right to the uninterrupted enjoyment of the light through these windows, and therefore, under the decision in Guest v. Reynolds, 68 Ill. 478, can not recover for its obstruction. The alley being a public one, its obstruction by the railroad embankment of appellant became a public nuisance, as it does not appear they had any chartered right to construct it, and for an injury sustained in common with the public the plaintiff can not recover, but is limited to any special damage he may have sustained to his interest in the premises different from that to the general public. Rigney v. Chicago, 102 Ill. 64; C. & W. I. R. R. v. Ayers, 106 Ill. 511.

For the reason stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*