# THE CHICAGO, PEORIA & ST. LOUIS RAILWAY COMPANY

v.

# HENRY BRINKMAN.

*Railroads—Right of Way—Condemnation of—Injury to Lands Not Taken—Evidence—Profile.*

1. In proceedings involving the condemnation of private property for railroad purposes, the profile of the proposed road is an important element in determining the damages, and is, when in evidence, the controlling evidence as to the plan of construction of the road, and if this be changed so as to inflict greater injury on the land owner, he can recover for the increased damages.

2. If a road is constructed in accordance with the profile offered in evidence on condemnation proceedings, and no change is made in the plans and profile so offered, no recovery can be had in an action on the case by reason of a mistake of the jury in determining the amount of damage, or by reason of a failure to allow a sufficient sum as damage to contiguous lands, or a compensation for lands taken, nor by a wrong description of the profile, where it is open alike to be described by witnesses offered by the railroad company, or by the land owner; and all damages consequent on the construction of the road, in accordance with the implied agreement made by the company that it would be constructed according to the profile, when it is so constructed, are, by the condemnation proceedings, *res adjudicata.*

3. Damages arising from the piling up of earth excavated from road bed and ditches is an element that may ordinarily be taken into consideration by the jury in determining the damages in condemnation proceedings.

4. Where a profile was in evidence and the road was constructed in accordance with it, the verdict of the jury can not be disturbed, although an engineer of the company had stated falsely to the jury when viewing the premises, or upon the stand, that the grade of the road would be different from what it turned out to be.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. MORRISON & WHITLOCK and W. P. BRADSHAW, for appellant.

Messrs. TRAVOUS & WARNOCK, for appellee.

MR. JUSTICE PHILLIPS.    The appellant instituted proceedings for condemnation of right of way over certain lands owned by appellee in Madison County before a circuit judge and jury of that county and circuit.    In that proceeding appellee filed a cross-petition for injury to lands not taken. The jury returned a verdict finding compensation for the land actually taken for right of way at $962.50, and further found the damage sustained by appellee to contiguous lands not taken and described in the cross-petition to be $1,037.50. The petition filed by appellant described the land to be taken and, on the hearing, a profile of the road as it crossed the land of appellee was offered in evidence to the jury, and was considered by them both on the hearing and on their inspection of the premises as a jury.    By permission of the court the owner of the premises and an engineer of the company were permitted to accompany the jury and describe the profile and the route of the road and to show how the lands belonging to appellee were used.    A judgment was rendered on the verdict of the jury and $2,000, the aggregate amount of the verdict, was paid by appellant to appellee, and appellant constructed the road across said lands on the line of the survey as made before condemnation.    The condemnation proceedings were had about July 1, 1890.

After the construction of the road by appellant, appellee brought suit in the Circuit Court of Madison County in an action on the case on about March 3, 1891.    Appellee, in his declaration so filed, set forth the fact of proceedings being instituted for condemnation and set forth the further fact that damage to lands not taken and contiguous to the right of way were assessed and paid, and then avers:    "And the plaintiff avers that in said proceeding and trial the defendant represented that its railroad upon said right of way would be constructed along and over said public highway where the same separates said improvements, as aforesaid, and adjacent thereto, on a level with the natural surface of said highway and without cut or fill in said highway, and that

the plaintiff's use of said highway there in connection with said improvements and premises would not be interfered with or obstructed by any cut or fill in said highway. And the plaintiff avers that said damages, assessed as aforesaid, were assessed and determined under the supposition and belief that said railroad would be constructed over and along said highway in accordance with the representation aforesaid and upon the basis that there would be no cut or fill in said property to damage or interfere with the use and enjoyment of said premises and improvements."

But the plaintiff avers that "the defendant, in violation and disregard of said representation and understanding aforesaid as to the manner in which said railroad was to be constructed along and across said highway, afterward proceeded to construct the same along and across said highway at a depth of four feet and over, and of a width of twenty-eight feet or thereabout, and piling up the earth excavated along the side of said cut in large quantities, by means whereof the plaintiff has been greatly injured, and in effect deprived of all the use of said highway in connection with said premises and improvements, and all communication between the said improvements upon one side of said highway and those on the other, and the danger and inconvenience in the use of said premises and improvements to have been greatly enhanced, none of which were anticipated or considered in the assessment of the damages aforesaid in said condemnation proceeding." A demurrer to this declaration was filed and overruled by the court. To this declaration appellant pleaded not guilty, and on trial a verdict and judgment was rendered for appellee in the sum of $800, and from that judgment the appellant brings the record to this court by appeal.

The whole theory on which appellee's right of recovery was based was that Sublette, an assistant engineer of the company, while going over the right of way with the jury for the purpose of examination, stated that when the ties and rails were laid the railroad would be substantially on a level with the public highway, and on the witness stand

stated " that there would be a slight cut of eight, ten or twelve inches, but the height of the ties and rails would substantially make it on a grade with the road; that is, after the railroad had been made it would be on a level with the public highway." The evidence shows that the road as constructed is a cut of four feet or over, between appellant's house and barn. On the trial of the condemnation proceedings a profile was offered in evidence, and as shown by the testimony, was explained to the jury, and the evidence further discloses the fact that the railroad was constructed in strict accordance with the profile and plans in evidence and on the line of survey. The profile and plan for the construction of the road was proper and material evidence of the utmost importance to enable the jury to come to a correct conclusion. It was held in the J. & S. R. R. Co. v. Kidder, 21 Ill. 131, as follows:

" Indeed it seems to us that the plan upon which the road was to be built and the mode of construction were of the utmost importance to enable the jury to come to a correct conclusion, and that it was not only the right but it was the duty of the railroad company to furnish full plans, profiles and estimates of that part of the road, and if they failed or neglected to do so, then the jury were authorized to presume that the road would be constructed in the mode the most injurious within the bounds of reasonable probability."

It was further held in P. & R. I. Ry. Co. v. Birkett, 62 Ill. 332 : " The company must construct the road as indicated by its maps and plans introduced upon the trial. If these should be changed the land owner could recover any damages resulting from the change." To the same effect is St. L., J. & C. R. R. Co. v. Mitchell, 47 Ill. 165.

It is further held in L. S. & M. S. Ry. Co. v. C. & W. I. R. R. Co., 97 Ill. 506, that " where the petition failed to state the mode of use proposed, the railroad company ought, on the trial, to show by its plans and profiles the manner of use proposed as a basis for fixing a just compensation in such case." From the rule thus established by the Supreme Court it would follow that the profile of the road is an important

C., P. & St. L. Ry. Co. v. Brinkman.

element in determining the damage, and is, where in evidence, the controlling evidence as to the plan of construction of the road, and if this be changed so as to inflict greater injury on the land owner he could recover for the increased damages. St. L., J. & C. R. R. Co. v. Mitchell, *supra;* I. & S. R. R. Co. v. Kidder, *supra.*

It is held in the latter case: " We do not hesitate to say that the company would be bound to construct the road substantially according to the plans thus put in evidence, and if its own or the public interests required a deviation from such plan, to the injury of the owner of the land, he could recover those damages in an action on the case or the implied undertaking that the road should be constructed conformably to such plans." Therefore we hold if a road is constructed in accordance with the profile offered in evidence on condemnation proceedings, and no change is made in the plans and profiles so offered, then no recovery can be had in an action on the case by reason of a mistake of the jury in determining the amount of damage, or by reason of a failure to allow a sufficient sum as damage to contiguous lands or a compensation for lands taken, nor by reason of a wrong description of the profile where it is open alike to be described by witnesses offered by the railroad company or by the land owner; and all damages consequent on the construction of the road in accordance with the implied agreement made by the company that it would be constructed according to the profile, when it is so constructed, are by the condemnation proceedings *res judicata.*

It is further urged that additional damage resulted to appellee by reason of piling up the earth excavated from the road bed and ditches and on the right of way. It is very clear that to construct the railroad according to the profile the excavated earth must be thrown out from the road bed and the ditches alongside thereof, and that such excavated earth, where not conveniently and necessarily used in constructing embankments, must necessarily be thrown out alongside of the road bed, and such is the result, and uniform, if not universal practice in such works, and where such result

may be contemplated or followed in the construction of a railroad, and so piling the same alongside the road would injure the land owner, it is an element that may be taken into consideration by the jury in determining the damages in condemnation proceedings.

It was held in Doyle v. Baughman, 24 Ill. App. 614: " Whatever was proper for the jury to take into account as a part of the damages consequent upon the construction of the proposed work it must be presumed was considered by them on such assessment, and such an item can not be the subject of another claim for damages. The matter is res judicata." Freeman on Judgments, 272. In the instructions given by the court for the plaintiff, and in the modification of the defendant's instructions, the court proceeded on the theory that if Sublette testified falsely as to the profile, or made a false statement to any of the jurors when on the ground, that notwithstanding the profile was in evidence, such false testimony or false statement would not render the verdict of the jury as to the damages conclusive, even though the road was constructed in strict accordance with the profile. In this there was error. The evidence does not sustain the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*