(No. 25099.—

AUGUSTUS H. GRUNEWALD, JR., Admr., *et al.* Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 19, 1939.*

BARNET HODES, Corporation Counsel, (ALEXANDER J. RESA, and L. LOUIS KARTON, of counsel,) for appellant.

URION, BISHOP & SLADKEY, (HOWARD F. BISHOP, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees, in an action for damages to their lands by reason of the change of grade of streets, sidewalks and an alley in the construction of the north viaduct approach to the bridge spanning the Chicago river at Wabash avenue, and the construction of a ramp in the south half of East Kinzie street, recovered a verdict upon which judgment was entered against appellant, the city of Chicago. Appeal was taken to the Appellate Court where appellees filed a motion to transfer the cause to this court on the ground that the action is in the nature of a condemnation suit and, under the Eminent Domain statute, the appeal should have been taken to this court. The Appellate Court for the First District granted the motion and transferred the record to this court.

The case was tried as any other suit at law for damages to real property, with the exception that the jury viewed the premises. No question giving this court jurisdiction is raised by the assignment of errors by appellant, and appellees have filed no cross-errors. The view of the Appellate Court that this case is one within the jurisdic-

tion of this court on direct appeal was apparently based on the ground that the proceeding is one governed, as to appeals, by the law relating to cases in eminent domain. Appellees say that notwithstanding this is a suit against the city for damages to their property, caused by the construction work referred to, it is also a suit in the nature of a proceeding under the Eminent Domain law, and so the appeal from the judgment of the circuit court should have been taken directly to this court. Appellant, on the other hand, insists that this suit is a common law action for damages and this court has no jurisdiction on direct appeal.

Under section 13 of article 2 of the constitution private property may not be taken or damaged for public use without just compensation; such compensation, when not made by the State, to be ascertained by a jury. Section 1 of the Eminent Domain act makes the same provision.

Numerous cases are relied upon by appellees as supporting their contention that this cause should have been appealed directly to this court. *Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203, so cited, was an action for damages sustained from the operation of defendant's railroad. The trial court entered judgment for the plaintiff which the Appellate Court affirmed. This court reversed the judgment on the ground that the owner, at the time the railroad was constructed, having a right of action for all damages that were or might be caused by the operation of the railroad, the plaintiff, his alienee, had no right of recovery. While it was in the opinion said: "The action for damages may be regarded as in the nature of one kind of condemnation proceeding," it was not held that the action was under or governed by the Eminent Domain act, either as to its trial or as to jurisdiction on review. The cause came to this court from the Appellate Court.

*Moore* v. *Gar Creek Drainage District,* 266 Ill. 399, was a bill to enjoin the district from digging a ditch and laying tile in the highway adjacent to plaintiff's property. The

right-of-way had been obtained only from the highway commissioners and not from plaintiff, who owned the fee to the highway. This court, in granting the relief prayed for, held injunction to be a proper remedy, as the district was seeking to take possession of property the fee to which was in the plaintiff, without his consent. No question of jurisdiction on review was considered, and as the fee to the roadway was involved the cause was properly brought to this court on direct appeal.

*Springer* v. *City of Chicago,* 308 Ill. 356, was a bill to have a special assessment against Springer's property declared void, its collection enjoined and the city ejected from that part of his lot which it was occupying with a sewer. The cause involved a special assessment, and the right of the owner of the fee to be rid of an easement, and was properly brought to this court on direct appeal.

*Village of Prairie du Rocher* v. *Schoening-Koenigsmark Milling Co.* 251 Ill. 341, was an action under the Eminent Domain act, and under section 12 of that act direct appeal from the judgment entered was properly brought to this court.

*Cobb* v. *Comrs. of Lincoln Park,* 202 Ill. 427, was a bill to enjoin the commissioners of Lincoln Park from preventing Cobb from building a wharf in Lake Michigan adjacent to his property. The case involved title to submerged lands and properly came to this court on direct appeal.

*People* v. *Kingery,* 369 Ill. 289, also cited, was a *mandamus* suit to compel Kingery as Director of the Department of Public Works and Buildings to institute eminent domain proceedings to fix the damages to land by reason of a public improvement. This court found the Appellate Court lacking in jurisdiction and transferred the cause to this court, as the Appellate Court reached its conclusion and based its judgment only on constitutional grounds which it had no jurisdiction to do.

Other cases cited as supporting jurisdiction in this court on direct appeal involved either constitutional questions, the revenue, or other questions of which this court is specifically given jurisdiction on direct appeal.

In *Childs & Co.* v. *City of Chicago,* 279 Ill. 623, it was held that an abutting property owner whose land was damaged but not taken, could not enjoin the erection or construction of the improvement but was remitted to his action at law for his damages. To the same effect is *Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36; *Doane* v. *Lake Street Elevated Railroad Co.* 165 id. 510; *White* v. *Metropolitan West Side Elevated Railroad Co.* 154 id. 620; *Parker* v. *Catholic Bishop,* 146 id. 158; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 id. 35; *Stetson* v. *Chicago and Evanston Railroad Co.* 75 id. 74; *Osborne & Co.* v. *Missouri Pacific Railway Co.* 147 U. S. 248, 37 L. ed. 155.

Appellees had a right to sue at law for damage to their property or to proceed in *mandamus* to compel the proper officers to bring proceedings under the Eminent Domain act. (*People* v. *Kingery, supra.*) They had a right to elect the remedy they thought best suited to the end sought, and satisfaction of the claim in one of the modes of recovery constitutes a bar to the other. *Bradner Smith & Co.* v. *Williams,* 178 Ill. 420.

It is the duty of a municipality constructing a public improvement, before making the same, to settle damages, if any, to adjacent property not taken by the improvement, and if such settlement cannot be made, to institute proper proceedings under the Eminent Domain act to ascertain such damages, and the officer or officers having control of the improvement may be compelled by *mandamus* to institute such proceedings. (*People* v. *Kingery, supra*). The property owner is not confined, however, to *mandamus* proceedings. He may, if he chooses, bring an ordinary action at law for damages, against the city, after the improvement is completed. Such a course the plaintiffs have pursued

in this case. Such, however, does not make the suit so instituted an action under the Eminent Domain statute. It is nevertheless a common law action for damages and is governed by rules of procedure, and jurisdiction on appeal, as other common law actions for damages are governed. No question involving the Eminent Domain act is presented by this record, nor is any question raised which gives this court jurisdiction on direct appeal.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to pass upon the merits of the case on appeal from the circuit court.

*Reversed and remanded, with directions.*