George S. McReynolds, Plaintiff-Appellant, v. City of West Frankfort, Defendant-Appellee.

Term No. 54–O–3.

Opinion filed November 1, 1954.

Released for publication December 1, 1954.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Frankfort, and DAVID A. WARFORD, of Marion, for appellant.

FRANK P. HANAGAN, and REA F. JONES, of Benton, for appellee.

Mr. Justice Scheineman delivered the opinion of the court.

In 1925 the defendant, City of West Frankfort, enacted an ordinance concerning its water supply, which contained provisions for the construction of a dam to create a reservoir. There followed a suit for condemnation by Eminent Domain. The dam was constructed with slotted concrete posts on top of the spillway in which flash boards could be anchored in order to raise the level of impounded water. For a time planks were used, but later they were replaced by concrete which permanently raised the elevation of the spillway.

In 1946 the plaintiff, George S. McReynolds, filed this suit for damages, alleging that some of his land in the vicinity was subjected to recurrent overflow induced by the increased height of impounded water. The city filed an answer admitting the overflow and offering to pay compensation, and added a counterclaim asserting the right of Eminent Domain.

There followed a prolonged skirmish by way of pleadings and motions during which the plaintiff, among other things, attacked the city's claim of right to condemn, and asserted that the land was damaged but not taken. Finally, in 1953, it was stipulated that the counterclaim and subsequent proceedings were abandoned, and the suit should be tried on complaint and answer as an ordinary action for damages.

By leave of court, the answer was amended by adding allegations that the land now claimed to be damaged was a part of the lands included in the original condemnation suit, that the damages had been ascertained and fixed by a jury in that suit, and the judgment therein had been paid by defendant to the then owner (plaintiff's father), the predecessor in title of the plaintiff herein. None of the original answer was stricken out by the amendment. The case was tried by a jury which

407

found for the defendant, and judgment was entered accordingly.

At the trial the plaintiff produced testimony as to the extent and duration of standing water on the land involved. The defendant produced testimony that this condition was natural and the land had been frequently inundated prior to the erection of the dam. This evidence was objected to on the ground that the answer admitted overflow caused by the higher spillway.

The defendant also produced evidence in support of its defense of previous payment. This evidence indicates that the original plans and specifications of the dam, at the time of the condemnation, provided for a maximum spillway elevation of 443 feet above sea level; that the present level including the added portion is 442 feet, so that it is still a foot less than the city's rights acquired in the former suit; that the plaintiff's father was the owner of lands involved in that suit; that the jury's verdict therein had designated certain of those lands as taken, and awarded compensation therefor; that the jury had also found certain of those lands would be damaged and depreciated in value and awarded $3,000 for damages to a tract which included the part described in the present suit; and the judgment thereon had been satisfied.

On this appeal it is the theory of plaintiff that the admission in the answer, to the effect that the higher spillway caused more water to flow on the land, is binding on the defendant to such extent that evidence to the contrary was not admissible; also that the court erred in refusing to instruct the jury that a verdict for defendant was not warranted.

The defendant contends that plaintiff treated the question of damage from overflow as an issue, by introducing evidence on the subject, and thereby waived any right to rely upon the admission; and that the plea of prior adjudication was plainly set up by the answer

and supported by evidence which fully justifies the verdict.

It would seem that the latter point is decisive of the case. The answer clearly set forth that by prior suit the city had taken part of the land of plaintiff's father, and had been assessed damages for abutting land, including the part described in this suit, "for the construction of a dam and spillway in accordance with the plans and specifications provided for in said Ordinance No. 200." The plaintiff has never denied this either by reply or by evidence contradicting the proof in support thereof; nor does plaintiff's brief in this court offer any avoidance of the prior adjudication.

It is a general rule that the judgment in a condemnation suit is final and determinative on all questions of damage, past, present and future as to the lands and interest described. *Chicago, P. & St. L. Ry. Co. v. Brinkman,* 47 Ill. App. 287; *Doyle v. Baughman,* 24 Ill. App. 614; *Wylie v. Elwood,* 134 Ill. 281; 18 Am. Jur., Eminent Domain, sec. 369. Of course, there are exceptions, such as damage caused or augmented by deviations from the specifications, or resulting from negligence. *Sanitary Dist. of Chicago v. Ray,* 199 Ill. 63. No claim of that kind is made in this case.

When damages have been assessed and a final judgment of condemnation entered, there is no basis for a second action to condemn the same land for the same purpose. *Chicago, R. I. & P. Ry. Co. v. City of Chicago,* 148 Ill. 479.

As in other types of actions, the principle of *res judicata* is applied, and the verdict and judgment in a condemnation suit settles all objections which might have been raised, whether actually raised or not. *Harvey v. Aurora & G. Ry. Co.,* 186 Ill. 283; *Freeman & Co. v. Regan Co.,* 332 Ill. App. 637. In a condemnation suit, "the owner must recover in one proceeding all the damages which have resulted, or are reasonably

likely to result in the future, from a proper construction and operation of the improvement, and no subsequent action will lie to recover items which were or might have been considered in the original proceeding, the presumption being that all proper damages were considered in such proceeding." 29 C. J. S. 1370 § 328.

█ Even assuming the truth of all of plaintiff's claims of damage, the plaintiff made no attempt to refute the evidence that the city, by prior suit, had acquired the right against the land in question, to store water up to a spillway height of 443 feet above sea level; and had not exceeded that limit. Therefore, the jury had a right to find that compensation had already been paid for the depreciation in value of this land, caused by the present height of the spillway. The verdict was clearly within the scope of the evidence, and judgment thereon was correct and it is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.