Arthur Wehrum and Esther Wehrum, Plaintiffs-Appellants, v. Village of Lincolnwood, Cook County, Illinois, a Municipal Corporation, Defendant-Appellee.

Gen. No. 51,706.

First District, First Division.

February 5, 1968.

Rehearing denied March 11, 1968.

Overton, Marks & Schwartz, of Chicago, for appellants.

Ancel, Stonesifer, Glink & Levin, of Chicago (Louis Ancel, Ronald M. Glink, and Kenneth O. Stonesifer, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiffs appeal from an order of the Circuit Court of Cook County, which dismissed their complaint for trespass on the ground that the cause of action was barred by a prior judgment.

Plaintiffs were the owners of a vacant parcel of real estate located in Lincolnwood, Illinois. In 1960, the Village entered upon the property and converted the property into a playground. The land was continuously used by the Village as a recreation area and in 1965 condemnation proceedings were commenced. An award was made to plaintiffs in those proceedings and subsequently the instant action was instituted for damages for the Village's tortious action in trespassing upon the land prior to the condemnation proceedings.

The doctrine of res judicata, relied upon by the Village is succinctly set forth in Freeman on Judgments, 5th Edition, § 627:

"(T)his doctrine (res judicata) is that an existing final judgment or decree rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue and adjudicated in the first suit."

██ ██ In order for a former adjudication to be an absolute bar upon the subsequent action, there must be identity of parties, of subject matter, and of cause of action. Hoffman v. Hoffman, 330 Ill 413, 161 NE 723 (1928). Further, in those situations where the cause of action is the same, the doctrine extends to all grounds of recovery or defenses which might have been presented in the first suit. Chicago & W. I. R. Co. v. Alquist, 415 Ill 537, 114 NE2d 713 (1953). It is the Village's position that "all questions of damages, past, present and future as to the lands and interest described and taken by the condemning authorities, are adjudicated in the condemnation proceeding and finally determined by the condemnation judgment." We do not agree with this contention.

██ There is no question that the parties to the condemnation proceedings and the instant tort action are identical. If the subject matter were considered to be the piece of real estate, that too would be identical. However, it appears to us that the causes of action are clearly distinct and encompass entirely different issues. Condemnation proceedings, which are governed by the Eminent Domain Act (Ill Rev Stats 1965, c 47), present to the court only one issue and that is the value of the land being taken or damaged. Value is determined as of

the date the petition to condemn is filed. Public Bldg. Commission of Chicago v. Continental Illinois Nat. Bank & Trust Co. of Chicago, 30 Ill2d 115, 195 NE2d 192 (1963). As pointed out by the Supreme Court in Chicago, T. H. & S. E. R. Co. v. Greenfield, 268 Ill 94, 108 NE 750 (1915):

> "The Eminent Domain act requires nothing of a defendant. No pleading is contemplated, and not only is no answer required, but if one is filed it may be stricken from the files. The only inquiry is the amount of compensation and a defendant may participate in the hearing upon this question, introduce evidence and take any other appropriate action without answer or other pleading." (P 95, citations omitted.)

Righeimer in "Eminent Domain in Illinois" also takes the position that the only issue raised in a condemnation proceeding is "the amount to be awarded for the property appropriated and damages if any to the remainder of the tract of which the property appropriated is part." (At p 21.) Thus, the question of damages for tortious action by the condemning authority with respect to the real estate designated in the petition to condemn cannot be in issue in those proceedings. Whether such prior tortious action is of the class that will give rise to recovery is not involved in the instant case. See Chicago Housing Authority v. Lamar, 21 Ill2d 362, 172 NE2d 790 (1961).

Although not cited by either party, we feel the instant case falls within the following rule set forth in Nichols on Eminent Domain, § 14.24:

> "(A)lthough there is authority to the contrary, trespasses by the condemnor which antedate the condemnation are not grounds for recovery in the condemnation proceeding *nor does the allowance of*

> *an award in such proceeding for other elements of damage bar an action based upon a precedent trespass."* (Vol 4, P 557, Emphasis added.)

Not one of the several Illinois cases upon which defendant relies involves the question of prior tortious conduct by the condemnor. In McReynolds v. City of West Frankfort, 3 Ill App2d 406, 122 NE2d 433 (1954), the city had condemned land for the purpose of constructing a dam to create a reservoir. Twenty-one years later, the plaintiff claimed that his land was damaged by recurrent overflows from the reservoir. However, plaintiff's land was part of the tract included in the original condemnation proceedings and "compensation had already been paid for the depreciation in value of this land caused by the present height of the spillway." (P 410.)

Allen v. Haley, 169 Ill 532, 48 NE 478 (1897), involves condemnation of a parcel of land by the Sanitary District of Chicago. After paying plaintiff the amount of the award, defendant entered upon the land, and in so doing broke certain embankments around a certain ice pond and broke down certain structures on the premises so condemned. The condemnation award, concluded the court, includes the land as well as the structures on it. The condemnation proceeding adjudicated the value of all property taken and plaintiff's recovery in such proceedings was not limited to the value of the land alone. Thus, the Allen case holds that a condemnation award covers both the real estate and any structures thereon at the time of the award. It does not stand for the proposition that prior tortious action of the condemnor is included in such award.

Defendant also cites the case of Doyle v. Baughman, 24 Ill App 614 (1887). In Doyle, the drainage district brought condemnation proceedings to acquire the right of way over plaintiff's land for the purpose of constructing

drainage ditches. The statute under which an award was made provided that "the jury shall hear the evidence offered in the case as to the value of the land proposed to be taken and all damages consequent upon the construction of the proposed work." Plaintiff's subsequent suit for trespass to his land, by the removal of dirt in excavating the ditch and piling that dirt on his land, sought damages for an injury that had been assessed and compensated for in the original proceedings. The instant case does not involve a similar statute and the trespass alleged here was prior, not subsequent to the condemnation.

The case of Grunewald v. City of Chicago, 371 Ill 528, 21 NE2d 739 (1939) is cited by defendant as holding that plaintiff had the option of suing for trespass or acquiescing and waiting for condemnation proceedings to be filed. In Grunewald the city damaged certain property in the course of constructing a viaduct and ramp. The owner of the land sued the city for damages. An appeal to the Appellate Court was transferred to the Supreme Court on the ground that the proceedings were governed by the rules relating to eminent domain and a direct appeal would lie to the Supreme Court. The opinion reversing this transfer order is limited to the holding that jurisdiction was properly in the Appellate Court, the case being a common law action for damages. (See People ex rel. Tyson v. Kelly, 379 Ill 297, 40 NE2d 510 (1942).) The Supreme Court did comment that plaintiff had the option of instituting mandamus proceedings to compel the municipality to commence action under the Eminent Domain Act and, had he done so, his recovery there would have barred any further law suits. This, however, assumes that had such a course of action been followed, the damage to the owner's property, caused by the proposed construction work, would have been part of the award. Grunewald does not, however, deal with the issue of prior trespass. In the instant cause the condemnation

action was initiated by the Village of Lincolnwood, and by so doing, the trial was limited to the issue of the value of the property taken.

We are referred in the briefs to the cases of Lewis v. City of Boston, 130 Mass 339 and Spaulding v. Arlington, 126 Mass 492. Although these cases would appear to reach a conclusion opposite to ours, both cases are based on a Massachusetts statute which is totally different than the Illinois constitutional provision and the eminent domain proceedings under chapter 47 of our statutes.

Other cases cited by defendant are also inapplicable to the instant cause. Chicago & E. I. R. Co. v. Loeb, 118 Ill 203, 8 NE 460 (1884), involves the right of a subsequent purchaser to sue for smoke, cinders and ashes thrown on his land by the careful and prudent operation of a railroad. The railroad was in operation at the time plaintiff purchased the land and the right to recover for depreciation in land value was in the original owner.

Wabash, St. L. & P. R. Co. v. McDougall, 118 Ill 229, 8 NE 678 (1886), like the Loeb case held that the owner, at the time damages for taking or injury to land occurs, is the only one entitled to recovery and such right does not pass to a subsequent vendee. Plaintiffs in the instant case were the owners of the real estate at the time the Village trespassed on the land.

An attempt to enjoin construction of an elevated street railroad was denied in Doane v. Lake St. El. R. Co., 165 Ill 510, 46 NE 520 (1886), since the injury was a depreciation of the property, recovery for which was in an action at law and equity would not interfere by injunction.

██ Neither the Loeb, McDougall or Doane cases are of any assistance to us in determining whether an action for prior trespass is barred by an award to the land owner in a condemnation action initiated by the Village. The circumscribed nature of proceedings under the

Eminent Domain Act, based on the need to facilitate rapid disposition of condemnation actions, leads us to the conclusion that an award in such causes will not bar the instant suit founded on a prior trespass.

For the foregoing reasons, the order of the Circuit Court of Cook County is reversed.

Judgment reversed.

BURMAN, P. J. and MURPHY, J., concur.