LAWRENCE LAWLESS, Plaintiff-Appellant, *v.* ROBERT PIERCE *et al.*, Defendants-Appellees.

First District (2nd Division) No. 82—1911

Opinion filed September 6, 1983.—Modified on denial of rehearing November 1, 1983.

Lawrence Lawless, of Chicago, for appellant, *pro se.*

Kenneth G. Kombrink, of Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington, for appellee Jon Mendelson.

Jay S. Judge, Kristine A. Karlin, and Gregory G. Lawton, all of Judge & Knight, Ltd., of Park Ridge, for other appellees.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Lawrence Lawless, brought this action against defendants Pierce, Notarus, Meredith and Henize—individually and as agents of defendants villages of Park Forest and Park Forest South—defendants Kaganove, Marzuki and Schwartz—individually and as agents for the not-for-profit corporation defendant Thorn Creek Preservation Association—and defendants Mendelson and Warren—individually and as agents for Governors State University and Illinois Department of Conservation. The facts, as well as a history of the previous litigation in this case, will be briefly summarized.

The property which is the subject of this lawsuit is a four-acre tract of land situated in an unincorporated area between the villages of Park Forest and Park Forest South in Will County. In 1962, plaintiff became owner of the land which was improved with a residence, garages and out buildings, and contained a one-acre pond. In 1969, the Thorn Creek Preservation Association (the Association) was chartered to seek acquisition of Thorn Creek Woods, a 800-acre tract of wooded land to which plaintiff's land abutted. A "Joint Management Committee for Thorn Creek Woods" was established and the Association, Governors State University and the individuals named in this lawsuit were appointed to it.

In 1972, the Illinois Department of Conservation notified plaintiff that it intended to purchase his property as part of an overall plan to develop Thorn Creek Woods Nature Preserve. Between January 1976 and March 1978, unsuccessful negotiations took place between plaintiff and the Department and, on January 31, 1978, the Department notified plaintiff of its intent to take his property by eminent domain. Those proceedings were not initiated at that time, however.

Plaintiff's amended complaint alleges .that on June 4, 1978, defendants, jointly and severally, sponsored, advertised and invited approximately 1,000 members of the public to a public dedication ceremony of the area, including plaintiff's private property, as a nature preserve. Plaintiff alleges that his property was portrayed as public, his residence as an interpretive center, his private land as public picnic grounds and parking areas, and that public nature walks were displayed throughout his property.

On June 27, 1978, plaintiff sought a writ of *mandamus* against the Department to compel condemnation of his property. A default judgment was granted against the Department on August 9, 1978. An eminent domain proceeding was initiated when the Department filed a petition to condemn on July 28, 1978. Plaintiff was awarded the sum

of $180,000 by a jury in the condemnation action as compensation for the taking of his property from the date of the "taking" (which was the date of dedication), June 4, 1978. Thereupon, the Department appealed from the *mandamus* judgment, and plaintiff appealed from the trial court's denial of his plea for certain fees and costs. The third district of this court, in *Department of Conservation v. Lawless* (1981), 100 Ill. App. 3d 74, 426 N.E.2d 545, *appeal denied* (1982), 88 Ill. 2d 550, affirmed the judgment in the *mandamus* action and vacated the eminent domain judgment as to the amount of judgment. The cause was remanded to reconsider the question of reasonable attorney fees and other costs.

In the present action,[1] plaintiff filed a four-count amended complaint which alleged that: from June 4, 1978, the date of the public dedication, until January 28, 1981, the date the State paid the compensation award, defendants portrayed and represented his property to be public, and induced and invited members of the public to commit acts of trespass; defendants' actions were wilful thereby warranting punitive damages; defendants violated the Illinois Antitrust Act (Ill. Rev. Stat. 1979, ch. 38, par. 60—3(2)); and defendants committed common law conspiracy.

Defendants filed motions to dismiss plaintiff's complaint. (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48.) The trial court granted this motion, ruling that plaintiff's causes of action were barred by the doctrine of election of remedies, and that plaintiff's cause of action for conspiracy in violation of the antitrust statute could not be sustained because no restraint of trade was shown. Plaintiff now appeals from the order entered by the court dismissing his complaint.

I

Plaintiff strongly urges that the trial court's dismissal of his complaint be reversed in order that he receive compensation for the taking of his property as guaranteed by the United States and Illinois constitutions. (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 15.) Plaintiff acknowledges that although he has already taken proper action against the Department of Conservation, which is not a defendant here, the only recourse available to him against the instant defendants is an action in trespass for damages.

The third district of this court held that the date of "taking" of plaintiff's property was June 4, 1978, the date of the public dedica-

---

[1]This court, in July 1982, decided that Cook County was the proper forum in the instant action. 108 Ill. App. 3d 191, 438 N.E.2d 1299.

tion.[2] In addition, it was judicially established that plaintiff retained actual possession of the property between June 4, 1978, and the date of the condemnation verdict of June 26, 1980. (*Department of Conservation v. Lawless* (1981), 100 Ill. App. 3d 74, 79.) The court also affirmed the Will County trial court's denial of plaintiff's claim for statutory interest from June 4, 1978, the date of "taking," together with mortgage interest plaintiff owed on the subject property from June 4, 1978, to June 26, 1980. In the present action, plaintiff theorizes that because he retained exclusive possession of the property from June 4, 1978, until the date the condemnation award was paid, he should be compensated for the wrongful acts of entry upon his land during this period.

■ Plaintiff argues that, contrary to the trial court's ruling in the instant case, his action is not barred under the doctrine of election of remedies. In accordance with that principle, when a party pursues one remedy which is inconsistent with other possible remedies to the extent that to follow one is to renounce the other, the satisfaction of the chosen remedy acts as a bar to the others. *Casati v. Aero Marine Management Co.* (1980), 90 Ill. App. 3d 530, 536-37, 413 N.E.2d 122.

Plaintiff contends that the doctrine of election of remedies does not bar an action for trespass which antedates condemnation. The case upon which plaintiff heavily relies for support is *Wehrum v. Village of Lincolnwood* (1968), 91 Ill. App. 2d 418, 235 N.E.2d 343, *appeal denied* (1968), 38 Ill. 2d 630. In that case, the local municipality had converted plaintiffs' private property into a playground in 1960, but the condemnation proceedings were not instituted until 1965. As a result of those proceedings, plaintiffs received an award which determined the value of their property as of 1965. Wehrum sought damages for the condemnor's tortious acts of trespass upon the land for the period between 1960 and 1965. The appellate court concluded that as the only issue litigated in the condemnation action was the value of the land as of the date the petition to condemn was filed (1965), plaintiffs' action for damages, which were incurred prior to this date, was not barred by the doctrine of *res judicata*. See *Wehrum v. Village of Lincolnwood* (1968), 91 Ill. App. 2d 418, 420-21, 235 N.E.2d 343.

A review of eminent domain law in Illinois reveals that traditionally, and as provided for statutorily, the date of valuation in a condemnation suit is the date of the filing of the petition to condemn. (Ill.

---

[2]Plaintiff, in his briefs in the third district, did not disagree with the action of the trial court in the *mandamus* action of establishing June 4, 1978, as the date of "taking."

Rev. Stat. 1979, ch. 47, par. 9.7; *Trustees of Schools v. First National Bank* (1971), 49 Ill. 2d 408, 411, 274 N.E.2d 56.) It has been recognized, however, that this valuation date may work an injustice in a case where the property owner initiated inverse condemnation proceedings after a governmental entity had already taken the party's property. *Department of Transportation v. Shaw* (1976), 36 Ill. App. 3d 972, 982-83, 345 N.E.2d 153, *rev'd in part* (1977), 68 Ill. 2d 342, 351, 369 N.E.2d 884, where the supreme court held that where there was no actual taking of land, and where the damage suffered resulted solely from the elimination of direct access to the public road, the proper valuation date is the date of the physical closing of the road.

In *Wehrum*, the valuation date was the 1965 date of filing of the petition to condemn. There, the alleged tortious conduct commenced in 1960, prior to the valuation date. Here, the first instance of trespass alleged by plaintiff was on June 4, 1978, which is the same date used by the court in the condemnation action as the "taking" date. Therefore, the damages which plaintiff allegedly sustained for the acts of trespass were included in the compensation award, unlike the situation in *Wehrum*.

It must also be noted that plaintiff acknowledges in his reply brief that once payment of a compensation award is made by the State, its title relates back to the date of taking. Thus, plaintiff concludes that on January 28, 1981, the date the State paid the award, title related back to June 4, 1978. However, since the State's title vested as of June 4, 1978, plaintiff's attempt to recover for the alleged tortious acts of defendants from that date must fail; they are the very acts which constituted the "taking" for which plaintiff has already received compensation.

A case which is distinguished in *Wehrum*, and upon which the trial court and defendants relied, is *Grunewald v. City of Chicago* (1939), 371 Ill. 528, 21 N.E.2d 739. In that case, the supreme court held that it did not have jurisdiction to hear the case since it was in the nature of a common law action for damages, and not under the purview of the eminent domain statute. The language applicable to the case at hand is:

> "Appellees had a right to sue at law for damage to their property or to proceed in *mandamus* to compel the proper officers to bring proceedings under the Eminent Domain act. [Citation.] They had a right to elect the remedy they thought best suited to the end sought, and satisfaction of the claim in one of the modes of recovery constitutes a bar to the other. [Citation.]" *Grunewald v. City of Chicago* (1939), 371 Ill. 528, 532,

21 N.E.2d 739.

We note that in a recent supreme court case involving the issue of whether a property owner could compel a municipality, by way of a writ of *mandamus*, to institute eminent domain proceedings, the court commented on the *Grunewald* case. The court stated that since *Grunewald* involved a common law action for damages, any reference to a *mandamus* remedy against a municipality was purely dicta and, as applied to municipalities, was wrong. (*Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 272, 449 N.E.2d 852.) This comment does not, however, affect our reliance upon *Grunewald* for its authority regarding the election of remedies doctrine.

■ ■ ■ In this case, plaintiff had two options available to him when he was faced with the situation of the alleged unlawful trespass to his land. He could have sued at common law for damages, or proceeded in *mandamus* to compel eminent domain proceedings. (*Grunewald v. City of Chicago* (1939), 371 Ill. 528, 532.) He chose the latter remedy resulting in a condemnation award which included a valuation of his property as of the date of "taking," *i.e.*, the same date which he claims the trespasses began. The trial court was thus correct in ruling that plaintiff was barred from bringing this cause of action upon the doctrine of election of remedies.

Plaintiff, having received "just compensation" as required by the fifth amendment to the United States Constitution and article I, section 15 of the Illinois Constitution of 1970 for the taking of his property on June 4, 1978, is not entitled to recover additional compensation by joining different defendants, and by bringing the action under the theory of trespass to property for which, by operation of law, he did not hold title. We do not mean to infer, of course, that a cause of action for trespass cannot be based solely upon possession without legal title, since our courts have recognized that the gist of the action is injury to possession. *Krejci v. Capriotti* (1973), 16 Ill. App. 3d 245, 247, 305 N.E.2d 667, *appeal denied* (1974), 55 Ill. 2d 605; see also *Advance Elevator & Warehouse Co. v. Eddy* (1887), 23 Ill. App. 352, 355; 34 Ill. L. & Prac. *Trespass* sec. 5 (1958).

■ In his petition for rehearing filed before this court, plaintiff argues that our present decision denying him the relief of damages for trespass and the third district's decision of September 3, 1981, are now in conflict. He notes that the third district did not grant him prejudgment interest because it found that he continued to have actual, physical possession of the property between the date of the dedication and the date of the condemnation verdict. (*Department of Conservation v. Lawless* (1981), 100 Ill. App. 3d 74, 79.) Plaintiff goes on to

argue that our decision denying him damages for trespass during this period is inconsistent because we held that the damages to his possessory interest was included in the compensation award. Plaintiff claims that we arrived at this decision because we inadvertently assumed that the taking of title by the State which related back to the date of the dedication included the taking of possession. This conclusion would be contrary to the third district's holding that he retained possession, if indeed that had been our reasoning. Plaintiff, however, misreads our decision. We concluded that plaintiff, by pursing the *mandamus* action, was now barred from bringing this action for damages because of the doctrine of election of remedies. In his petition for rehearing, plaintiff urges that in addition to the eminent domain award, he is entitled to either prejudgment interest, which was denied by the third district, or damages for an alleged trespass. We find no authority to support plaintiff's intriguing theory that he is entitled to compensation twice under the reasoning he advances.

## II

Plaintiff's actions for the alleged antitrust violations (Ill. Rev. Stat. 1979, ch. 38, par. 60—1 *et seq.*) and conspiracy to commit trespass to land must fall for the reasons set forth above.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.