CHESTER S. ALLEN

*v.*

PATRICK C. HALEY *et al.*

*Opinion filed November 1, 1897—Rehearing denied December 8, 1897.*

1. RES JUDICATA—*a valid judgment settles matters properly involved which might have been determined.* A judgment of a court having jurisdiction of the parties and the subject matter is final, not only as to the matters actually litigated, but as to all matters properly involved which might have been raised and determined.

2. SAME—*valid condemnation judgment bars action for damages against petitioner for trespass.* A valid condemnation judgment, entered in a proceeding where the question of compensation and damage for land taken and for land damaged is properly before the court for determination, the amount of which judgment, with costs, has been deposited in accordance with the statute, bars an action for damages against the petitioner or its agents for entering upon and taking possession of the condemned property.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HILL, HAVEN & HILL, for appellant.

W. M. McEWEN, and HALEY & O'DONNELL, (JOHN P. WILSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Under the statute conferring the right of eminent domain upon the Sanitary District of Chicago, that corporation condemned certain lands, the compensation and damage to which were fixed by the verdict of the jury at $21,309.50, which was paid to the county treasurer of Will county. Appellant was the owner of the lands so damaged, and after the condemnation proceedings he brought this action to recover damages in trespass *quære clausum fregit* for taking possession of the property and breaking the embankment around a certain ice pond and tearing down certain structures, making the *ad damnum*

$5000. To this declaration the appellees pleaded that the Sanitary District of Chicago, a corporation organized under the laws of the State of Illinois, with full power to acquire a fee of real estate by condemnation, purchase or otherwise, did on the 29th day of August, 1894, file its petition for condemnation of the lands described in the declaration, of which appellant was the owner, and a trial was had before a court having jurisdiction of the parties and the subject matter, and appellant was awarded as his compensation, to be paid by the Sanitary District of Chicago, $21,309.50, part of such award being for the lands upon which it is alleged this trespass was committed; that on the 7th day of January, 1895, a judgment was entered upon the verdict of the jury, which provided that upon payment of the sum so awarded to the appellant, or to the county treasurer of Will county, in which county the lands were situate, the corporation should take possession of, and thereafter hold, possess and enjoy, the lands so condemned; that on the 14th day of January, 1895, appellant then being in possession of the property, the corporation paid to the clerk of the court the costs of that proceeding and also paid to the county treasurer of Will county the sum of $21,309.50, the amount awarded for compensation and damages, and thereafter, on the 16th day of January, 1895, appellees, as the agents and servants of the Sanitary District of Chicago, acting for and in its behalf, did take possession of the property described in the declaration, and in so doing broke certain embankments around a certain ice pond and broke down certain structures on the premises so condemned, there situate, as they lawfully might. To this plea the appellant filed his demurrer, which was overruled, and he excepted and brings this appeal.

By section 10 of chapter 47 of the Revised Statutes of the State of Illinois it is provided with reference to proceedings to condemn lands for public use, that "the judge of the court shall, upon such report, proceed to adjudge

and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same, upon payment of full compensation as ascertained as aforesaid; and such order, with evidence of such payment, shall constitute complete justification of the taking of such property." This provision clearly authorizes the exercise of the right of eminent domain by the Sanitary District of Chicago, and, upon payment of the damages, authorizes an entry upon the property condemned, for the purpose of constructing the channels, outlets, embankments and docks contemplated by the act creating the district. The contention of appellant is, the sanitary district did not acquire the fee, but only the use of the property by it condemned, and appellant had a right to the use of the condemned property for other purposes after the condemnation, if such use was not hostile to the use for which the sanitary district condemned it; that a plea of justification must aver the facts, from which the court could see whether the use the district was then subjecting the property to was such use as it was authorized to make of it; and that the owner of the land condemned would have a right to use a pond lying directly in the way of the proposed work and on the line of the property so condemned.

Able arguments are presented in this case, urging it was error in the court to overrule the demurrer to the plea, and insisting the question whether by the condemnation proceedings the sanitary district acquired the right to the lands condemned in fee, or whether the use acquired by the condemnation was such as vested in the sanitary district an easement merely, must be the material question. In the view we take of this case it is wholly unnecessary to consider and determine that question. By the condemnation proceedings, under which a judgment was entered on the petition of the sanitary district and a verdict of the jury, the sum of $21,309.50 was paid into the county treasury, and that judgment was an adjudica-

tion of all damages resulting from the taking of appellant's lands, and whether the damage to the pond or ice thereon was exclusively on the right of way so condemned or on another part of the premises, still the adjudication determining the damage to appellant is conclusive, as a judgment of a court possessing jurisdiction of the parties and subject matter is final, not only in reference to matters actually litigated, but as to all other matters properly involved and which the parties might have raised and had determined. *Hamilton* v. *Quimby*, 46 Ill. 90; *Rogers* v. *Higgins*, 57 id. 244; *Hawley* v. *Simons*, 102 id. 115; *Ruegger* v. *Indianapolis and St. Louis Railroad Co.* 103 id. 449.

The land owner cannot be permitted to divide his cause of action into two parts and have two separate adjudications, when in the proceeding for condemnation compensation and damage for land taken and for that injured by such condemnation are properly before the court for adjudication and determination; and the lot owner recovering his damage in such case, the condemnation payment is a bar to an action against the sanitary district for entering upon and taking possession of the property condemned, as it will also bar an action against the contractor entering thereon for the purpose of carrying on the work for which the property was condemned and paid for. *Lewis* v. *City of Boston*, 130 Mass. 339.

The damages alleged in the count of the declaration to which the plea was interposed was for entering on the land which had been condemned, and the amount of judgment paid, in accordance with the statute, and the plea recited all the facts of condemnation, petition, verdict, judgment, and the fact of the payment of the compensation and damages to the county treasurer, and also alleged that the entry of appellees was under and by virtue of such judgment and proceedings, and that they lawfully might so enter. The demurrer to this plea was properly overruled. The judgment of the circuit court is affirmed.

*Judgment affirmed.*