J. H. BELL, Plaintiff in Error, *vs.* THE MATTOON WATER-WORKS AND RESERVOIR COMPANY, Defendant in Error.

*Opinion filed June 29, 1910.*

1. EMINENT DOMAIN—*a corporation will not be permitted to abuse power of eminent domain.* While a corporation having the right to exercise the power of eminent domain may, to a certain extent, determine for itself the amount of land necessary for the use for which it is taken, yet such right is subject to all statutory and constitutional restrictions on the subject and to the power of the courts to prevent an abuse of that right.

2. SAME—*question of amount of land to be taken is for court to determine.* The question whether the amount of land condemned is in excess of what is necessary for petitioner's purposes is one for the determination of the court and not the jury, and the question must be raised in some manner before the compensation is assessed by the jury.

3. SAME—*fact that land condemned is necessary for petitioner's use is admitted by default.* Where the allegations of a condemnation petition averring that it is necessary to take a certain described tract of land for a water-works plant and reservoir are not denied and the defendant is defaulted and judgment is entered condemning the land described, the defendant cannot afterward, in an ejectment suit, try the question whether more land was taken than was necessary for petitioner's use.

4. SAME—*a petitioner cannot use land for purpose other than that for which it was condemned.* While the petitioner in a con-

demnation suit may anticipate future needs and is not restricted to an amount of land actually necessary for present use, yet it can not use the land for any other purpose than that for which it was condemned, and if it abandons its use of the land or such use becomes impossible there is a reverter to the owner of the fee.

5. EJECTMENT—*when plaintiff may prove that part of the land condemned cannot be used.* One whose land was condemned for water-works and reservoir in a proceeding in which he was defaulted is nevertheless entitled to prove, in a subsequent ejectment suit to recover a certain portion of the tract condemned, that it is impossible to use such portion for the purpose for which it was condemned.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

This was an action of ejectment brought by plaintiff in error in the circuit court of Coles county to recover something over twenty acres of land described in the declaration. The land described constitutes substantially one-third of sixty-six acres condemned in December, 1907, by the defendant in error for use for reservoir purposes, for impounding water to be supplied to the city of Mattoon, the inhabitants thereof and commercial and railroad interests.

Defendant in error is a corporation duly organized "for the purposes of building and maintaining reservoirs on land to be acquired by the said company, to furnish a visible surface supply of water and any other supply hereinafter demonstrated and developed, for the city of Mattoon and the inhabitants and commercial and railroad interests thereof, and to own, acquire or construct, operate or lease water-works in said city and vicinity for such purposes." In December, 1907, it filed a petition in the county court of Coles county to condemn sixty-six acres of land belonging to plaintiff in error. The petition averred that it was necessary to take said land for the purposes of constructing a reservoir in which to impound water to be supplied to the city of Mattoon and its inhabitants. The petition alleged petitioner had been unable to acquire an easement

245—35

in the land by agreement and purchase or to agree with the owner upon a reasonable compensation for an easement in said land. A summons issued on the filing of the petition, returnable as required by law. It was duly served on plaintiff in error, who failed to appear on the return day and was defaulted. A jury was thereupon empaneled, and after hearing the evidence fixed the just compensation for the land taken at $5218.50. Judgment was duly entered on the verdict and the damages paid by petitioner to the county treasurer of Coles county, who still has the money, plaintiff in error never having accepted it. On the trial of the case a jury was waived and the cause heard by the court by agreement.

Plaintiff in error contends that the land described in the declaration is not now, and cannot be, used by defendant in error as a reservoir, or part thereof, in which to store defendant in error's water supply, and that it therefore has no right to the use of the land sued for. On the trial plaintiff in error offered proof that the land described in the declaration lay at such an elevation above the spillway of the dam to defendant in error's reservoir that it is a physical impossibility to raise the water in the reservoir so as to require the use of any portion of said land. On objection by defendant in error this proof was denied and a judgment rendered against plaintiff in error for costs. To review that judgment this writ of error was sued out.

The question presented for determination by this record is whether a corporation having acquired an easement in land by condemnation which cannot, by reason of natural barriers and obstacles, be used for the purposes for which it was acquired, can retain and hold the possession thereof against the owner of the fee.

J. H. MARSHALL, and A. C. ANDERSON, for plaintiff in error.

CRAIG & KINZEL, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

It has been decided in many cases by this court that a corporation having the power to exercise the right of eminent domain must be permitted, in a modified degree, to determine for itself the amount of land necessary for the use for which it is sought to be taken. But this right is subject to all the statutory and constitutional restrictions on the subject, and the further limitation that the courts are clothed with power to prevent any abuse of the right. *Tedens* v. *Sanitary District,* 149 Ill. 87; *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 id. 511; *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Sanitary District,* 218 id. 286; *Chicago and Eastern Illinois Railroad Co.* v. *Wiltse,* 116 id. 449; *Chicago and Eastern Illinois Railroad Co.* v. *Clapp,* 201 id. 418; *Schuster* v. *Sanitary District,* 177 id. 626; Lewis on Eminent Domain, secs. 239, 279; *Smith* v. *Drainage District,* 229 Ill. 155.

In *Smith* v. *Chicago and Western Indiana Railroad Co. supra,* it was held that no answer to the petition is authorized or necessary for the purpose of controverting the truth or falsity of the averments of the petition if their truth or falsity depends upon the existence or non-existence of facts not appearing in the petition. Where it is sought to raise the question that the land sought to be taken is greatly in excess of the quantity necessary for the uses to which it is to be appropriated, it must in some manner be presented to the court for decision before the just compensation is assessed by the jury. In the same case it was also held that this question could not be made to depend on the opinions of witnesses but was for determination by the court, and that in determining the question the court would take into consideration the section of the country, the particular locality, the uses to which the land was to be devoted, etc. All the cases hold the question is one to be determined by the court and that corporations will not be permitted to abuse the power given them to condemn private property.

In *O'Hare* v. *Chicago, Madison and Northern Railroad Co.*
139 Ill. 151, it was said that it was not intended to be held
in the *Smith case* that the allegations of the petition are
conclusive on the land owner and cannot be traversed or
disputed by him, but where the allegations of the petition
are not denied or controverted in any manner and it is not
made to appear that a greater amount of land is sought to
be taken than is necessary, the court may treat the petition
as admitted, as in case of default, and proceed to fix the
compensation without proof of its allegations. In the case
at bar the defendant to the petition, plaintiff in error here,
was defaulted. The petition to condemn the land in con-
troversy alleged that petitioner was constructing a dam and
reservoir for the purpose of impounding water for supply-
ing it to the city of Mattoon and its inhabitants, and that
it was necessary to take the property of plaintiff in error
(describing it) for a reservoir for that purpose. Plaintiff
in error cannot now, in an ejectment suit, try the question
whether more land was taken by defendant in error than
was necessary for the use for which it was taken. His
contention is that defendant in error's right to the property
is dependent upon its use for the purpose for which it was
taken; that such use of the portion of the property con-
demned in controversy in this suit is impossible, and as
defendant in error cannot retain it for any other use it re-
verts to the original owner. Plaintiff in error sought to
prove that the land described in the declaration,—about
one-third of the whole amount of his land condemned,—
lay at such an elevation above the dam that it was a physi-
cal impossibility to use it as a portion of the reservoir in
which to impound defendant in error's water supply, but
the court refused to permit the proof to be made. If the
facts proposed to be proved by plaintiff in error, undis-
puted, would not have authorized a recovery, then the rul-
ing of the court was right, but if the converse is the law
then the ruling was wrong.

We have been referred by counsel to no case where the question here involved has been passed upon. Cases are to be found where a corporation has, after condemnation and use of the property for a time, ceased to use it, and where the facts showed an abandonment it was held it reverted to the original owner or his grantee. We are of the opinion no reasonable distinction, in principle, can be drawn between abandonment after user and the failure to use property condemned because its use is impossible. *Chicago and Eastern Illinois Railroad Co.* v. *Clapp,* 201 Ill. 418, was an action of ejectment to recover a strip of land that had been condemned by the railroad company and used for a time as a right of way. The company ceased running trains over the land and took up the rails of its track. The trial court submitted to the jury to determine from the evidence whether the railroad company had abandoned the land. The jury found it had and returned a verdict for plaintiff, and the judgment rendered on that verdict was affirmed by this court. This court held that abandonment meant the relinquishment of the property with the intention of abandoning it, and that this was a question of fact for a jury. In the same case the court said (p. 424): "The law is that 'when a corporation, in the exercise of the right of eminent domain, acquires for a public purpose a mere easement in land, its right and title to the property so acquired are dependent upon the use of the property for public purposes, and when such public use becomes impossible or is abandoned, its right to hold the land ceases and the property reverts to its original owner.'—10 Am. & Eng. Ency. of Law,—2d ed.—p. 1198; *Kansas Central Railroad Co.* v. *Allen,* 22 Kan. 285; *Helm* v. *Webster,* 85 Ill. 116."

Property condemned for public use cannot be devoted by the condemner to any other use than that for which it was taken. Where its use for that purpose becomes impossible, the effect is the same as an abandonment and there is a reverter to the owner of the fee. While the law has

clothed courts with power to determine whether taking all the land sought to be condemned by the corporation is an abuse of its power, it is evident that this question may not always be one that can be determined with absolute accuracy. If it should turn out that the corporation could not use a substantial portion of the land for the purpose for which it was taken, the fact that the court had, on the showing made before it, been of opinion the land sought to be taken was not unreasonable or unnecessary and permitted it to be condemned, would not give the corporation the right to retain the land for other uses or to retain it without using it for any purpose. It is, of course, permissible for the condemner to take not only sufficient land for the present need, but it may anticipate the future increased needs and demands for the public use to which the land is to be devoted. (Lewis on Eminent Domain, sec. 279.) But the question raised on this record is not whether the twenty acres in controversy is necessary for the uses for which it was condemned, but whether its use for that purpose is impossible. If it is reasonably capable of being used for the purposes for which it was condemned, the necessity for it for such use cannot be inquired into in this suit. If, however, it is, as was sought to be proven by plaintiff in error, rendered impossible for present or future use for the purpose for which it was condemned, then certainly the corporation ought not to be allowed to retain it.

We are of the opinion the court erred in refusing to permit the proof offered that the land sued for is incapable of being used for reservoir purposes and therefore cannot be devoted to the uses for which it was taken.

The judgment of the circuit court is therefore reversed and the cause remanded.    *Reversed and remanded.*