(No. 27143.—Judgment affirmed.)

THE CITY OF DES PLAINES, Appellant, *vs.* JOHN H. BOECK-ENHAUER *et al.,* Appellees.

*Opinion filed May 20, 1943—Rehearing denied Sept. 16, 1943.*

FRANK M. OPEKA, City Attorney, for appellant.

MILTON W. SERVOS, (DANIEL S. WENTWORTH, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On May 16, 1927, the city council of the city of Des Plaines adopted a local improvement ordinance for the construction of a sewer in certain blocks on Fourth avenue and a part of West Thacker street. A petition was filed under the Local Improvement Act in the county court of Cook county to have the cost of the improvement assessed against the property. An assessment roll was filed and notice was given as required by the act. No objections were filed and on June 10, 1927, an order was entered

confirming the assessment. The total cost of the improvement was extended against the property. One entry in the roll, being the one in which appellees John H. Boeckenhauer and Esther Boeckenhauer are now interested, is pertinent here and was as follows: "John Boeckenhauer, address 822 Lee street, Des Plaines, Illinois. (ex. R.O.W.) N½ W½ NE¼ — 19 — 41 — 12 — $2,583.20." The assessment was divided in ten annual installments.

On April 30, 1942, appellees filed a petition in the same court entitled in the same local improvement proceeding in which it was alleged that they were owners of the west half (½) of the northeast quarter (¼) of section 19, township 41 north, range 12, Cook county, excepting railroad right of way and except 545.77 feet off the west half (½) of the southwest quarter (¼) of the said northeast quarter (¼) and that at the time the order of June 10, 1927, confirming the assessment was entered, the said lands were beyond the territorial limits of the city of Des Plaines. Other allegations in the form of legal conclusions were to the effect that the city council had no jurisdiction over property located outside the boundaries of the city and that any improvement ordinance adopted by it which resulted in an assessment against such property was void as was the judgment of the county court which confirmed the assessment. The prayer was that the order of confirmation be decreed null and void as to appellees' property and that it be vacated.

The city filed an answer in which it was admitted that appellees' property was beyond the territorial jurisdiction of the city when the assessment was spread. Other matters pleaded were conclusions of law raising legal objections against the granting of the prayer of the petition. Such objections are in the main the same as those that are urged on this appeal. Two individuals, named in the petition as being the holders of all the unpaid bonds issued on said improvement, were made parties defendant. They

filed an answer in which it was admitted that appellees' property was outside the city. They interposed other objections similar to those raised by the city. On the hearing the facts were stipulated. The prayer of appellees' petition was granted and an order entered directing that the judgment of confirmation as to appellees' property be set aside and held for naught. This appeal has been brought direct to this court by the city.

The evidence shows that West Thacker street forms the south boundary limits of the city and that appellees' land abuts upon and is located immediately south of that street. Section 2 of the ordinance declares the purpose of the improvement is to furnish drainage for a specifically described district, the south side of which is 141.5 feet south of the south line of Thacker street and parallel thereto, thus including a strip off the north end of appellees' property 141.5 feet in width within the district. The sewer was constructed in the center of West Thacker street.

All questions presented on this appeal pertain to the jurisdictional features involved in the prior proceeding. Other facts which are included in the stipulation and should be stated are that prior to the beginning of the special assessment proceeding appellees owned the land described in their petition and on January 2, 1927, they conveyed approximately sixty-five (65) acres of it to Ning Eley and T. W. Louton, subject to a purchase-money mortgage; that Eley and Louton were the owners of said lands when the assessment was confirmed in June, 1927, and that they conveyed the premises to other parties who, in March, 1940, conveyed the title back to appellees to avoid a foreclosure action. During the period Eley and Louton owned the land, they asked the city to annex said lands and on October 3, 1927, the city council adopted such an ordinance. A short time before the instant petition was filed, the lands were detached from the city. It was stipulated that the three installments paid April 3, 1928, Janu-

ary 7, 1929, and December 27, 1929, respectively, were paid in the names of the then holders of the title, but that appellees took no part in such a payment either directly or indirectly and did not consent to, or acquiesce in, such payments.

The general rule is that a municipal corporation can only exercise its powers within its corporate limits, and that in the absence of express statutory authority or authority implied from powers expressly granted, its corporate acts, when exercised in reference to matters beyond its territorial limits are without effect. (*City of Rockford* v. *Hey,* 366 Ill. 526.) It has been held that a city has no power to include in a sewer district lands without the corporate limits and levy an assessment against them to pay a part of the cost of the improvement. (*City of Lawrenceville* v. *Hennessey,* 244 Ill. 464.) There is no question in this case as to the existence of an implied power as there was in *Maywood Co.* v. *Village of Maywood,* 140 Ill. 216, where it was held the express power to construct sewers in the city carried the implied power to provide for an outlet sewer even though such outlet had to be provided for beyond the corporate limits. There is no claim this project was to furnish an outlet for a sewer system in the city. Nor is there any claim that the power granted municipal corporations to construct outlet sewers by paragraph 485 of the Cities and Villages Act (Ill. Rev. Stat. 1939, chap. 24, par. 485,) has any application. Before there can be a valid assessment extended against a piece of property, there must be jurisdiction of the property to be assessed. When the city council adopted the ordinance in question and prescribed the boundaries of the district to be drained by the sewer and therein included appellees' property, it was undertaking to exercise power without statutory authority. Such an act as to the land in question was a nullity. A valid ordinance is the foundation of every assessment, (*People ex rel. Cox* v. *Freeman,* 301

Ill. 562; *City of Lincoln* v. *Harts,* 250 Ill. 273,) and since the ordinance was invalid as it pertained to appellees' land, the order of the county court entered January 10, 1927, confirming the assessment against appellees' land was likewise void as to it.

The city contends that appellees' petition is a collateral attack on the judgment of confirmation and that before the relief prayed for may be granted it must appear from the judgment record that the court acted without jurisdiction. The bearing such contention has upon a disposition of the case is obvious when it is noted that neither the ordinance nor any of the county court proceedings disclosed that the property in question was without the city. In fact, section 2 of the ordinance, which prescribed the boundaries of the district and included 141.5 feet of appellees' property within the district, described it as located in the city of Des Plaines. The certificate of the commissioner who spread the assessment contained a similar statement. Appellees contend that their petition constituted a direct attack upon the judgment of confirmation.

Underlying the thought that attacks upon judgments are susceptible to classification into direct and collateral, there is the further premise that the defects may be grouped into two classes, namely, void and voidable. A direct attack may be based upon infirmities in the judgment which render the judgment void as well as those defects which make it merely voidable. On the other hand, a collateral attack is limited to those defects which are of a character to render the judgment void on jurisdictional grounds. A direct attack on a judgment is a proceeding instituted for the very purpose of avoiding or correcting a judgment in some particular and is brought in the same action and in the same court. (34 C. J. 520.) In *Dennison* v. *Taylor,* 142 Ill. 45, it was said: "The judgment of a court is collaterally assailed when it is sought to be impeached, in an action other than that in which it was rendered."

See also *Reizer* v. *Mertz,* 223 Ill. 555; *Long* v. *Thompson,* 60 Ill. 27, and *Moore* v. *Neil,* 39 Ill. 256. A direct attack may be made by motion or petition, as in this case, filed in the same cause in which the original judgment was entered. The proceeding instituted by appellees constituted a direct attack. Although the record did not show the jurisdictional infirmity, evidence was admissible to show that the jurisdictional fact stated in the ordinance that the lands assessed were within the city was untrue. The proof established the jurisdictional defect, and the judgment of the county court confirming the assessment under a void ordinance will, as to the property in question, be treated the same as though the record of the judgment was impeached by matters appearing on the face of it.

It is argued that the persons who held the title to the lands in question, when the local improvement project was initiated and the assessment was confirmed, requested that their lands be assessed for a proportionate part of the cost of the improvement and that such action now estops the present holders from questioning the assessment. The evidence does not disclose that the then holders, Eley and Louton, made an express request that their lands be assessed but, even if they did, such request could not serve to supply the power which the municipal corporation needed before it could act on matters extra-territorially. Such power would have to come from legislative grant. Their acts, in making such a request, if one was made, might, under certain circumstances, estop the present holders from claiming the relief sought, but such a case is not presented by the pleadings or evidence.

Reference is made to the annexation proceedings which annexed these lands to the city. It has been pointed out that the infirmity of the judgment and assessment proceedings was the lack of power or authority of the city to include these lands in the assessment district. Such power was lacking at the time the assessment was made

and no subsequent annexation of property would have the effect of operating retroactively and supplying such lack of power.

Appellant's final contention is that the voluntary payment of three installments of the assessment estops appellees from questioning the remaining installments. That principle has no application where payments have been made in a proceeding that is void. Since it has been held that the assessment, as to appellees' property, was void, previous payments, whether made by them or their predecessors in title, can be regarded only as voluntary contributions and do not estop them as the present owners from objecting to further compulsory payments. (*People ex rel. Rogers* v. *Owens,* 231 Ill. 311; *Upton* v. *People ex rel. Murrie,* 176 Ill. 632.) No question is presented as to rights of third parties having intervened during the long lapse of time between the confirmation of the assessment and the filing of the petition attacking the proceeding.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*