LA SALLE NATIONAL BANK, Trustee, Plaintiff-Appellant, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF DU PAGE COUNTY *et al.*, Defendants-Appellees.

(No. 74-23;

Second District—November 21, 1974.

*Rehearing denied December 17, 1974.*

Sneider & Troy, of Chicago (Richard J. Troy, of counsel), for appellant.

Isham, Lincoln & Beale, of Chicago, and John J. Bowman, State's Attorney, of Wheaton (Robert C. Johnson and Joe Bonk, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This action was brought by La Salle National Bank (Bank) as trustee on behalf of the former owners of the beneficial interest of the property to revest title in property taken by the defendant, Board of School Trustees of Du Page County (Board), pursuant to its statutory eminent domain powers (Ill. Rev. Stat. 1973, ch, 122, par. 10-22.35A). The suit further sought to enjoin the Board from transferring title to subsequent purchasers of the property, defendant MacDiarmid-Palumbo, Inc., who bought the property at a public sale. (Ill. Rev. Stat. 1973, ch. 122, par. 5-22.) The trial court granted the Board's motion for summary judgment and entered judgment for the defendants. It is from this judgment that this appeal is taken.

In this appeal the Bank has raised several issues concerning the power of the Board to hold title to property taken in a condemnation proceeding in fee simple absolute as opposed to some lesser interest which is conditioned upon the continued use of the property by the Board with some type of reversionary interest in the Bank, if the Board no longer uses the property for school purposes. However, for the purposes of this opinion we need only address ourselves to the questions of what interest was actually taken by the Board under the condemnation order and whether we may now review the scope of the taking.

Prior to September 21, 1970, the Bank, as trustee under Trust No. 17797, was the owner in fee simple absolute of the real property in question which consisted of 180 acres of land, being a part of a larger

tract of land located at the intersection of 63rd Street and Garfield in Downers Grove Township. Prior to January 1, 1970, the Board instituted an action in eminent domain in the 18th judicial circuit for the purpose of acquiring the land for the use of the defendant, Hinsdale School District 181. On September 21, 1970, the circuit court entered a condemnation order, stipulated to by the parties, awarding the plaintiff the sum of $360,000 as just compensation for the taking of its land. The Bank did not appeal this order.

The public announced purpose for the taking of the land was to build a junior high school. This purpose was frustrated when the referendum to fund the construction at that site was defeated, and the Board decided not to submit the proposal to another vote.

Subsequently, the Board directed that the property be sold at public sale. The Bank at this juncture sought to reacquire the property by offering the Board the sum of $360,000, being the stipulated condemnation award entered 2 years before.

On or about August 18, 1972, the Board offered the property for public sale. On that same date the Board, after refusing the Bank's tender of $360,000, accepted a bid of $425,000 from defendant, Mac-Diarmid-Palumbo, Inc.

On August 31, 1972, the Bank filed its complaint for injunctive relief to restrain the Board from transferring title to defendant MacDiarmid-Palumbo, Inc., and for judgment in its favor directing that the Board reconvey the property to the Bank upon return of the condemnation award. In the alternative, the Bank prayed for relief in the nature of damages for the remainder now that the condemned property was not to be used as school property.

The Bank contends that the court in the condemnation proceedings did not award the property to the Board in a fee simple absolute but rather gave the Board some lesser estate, leaving a reversionary interest in the Bank. We find, however, that the trial court awarded the property to the Board in fee simple absolute with no reversionary interest in the Bank as condemnee or as seller. The order of the court put no limitation on the Board's fee simple title to the property and the order made no reference to any reversionary interest in the Bank.

■■ In its efforts to obtain title to the property in question, the Bank contends, both in the trial court below and on appeal, that even if the trial court did award title to the Board in fee simple absolute, that under the facts in this case the Board cannot take such title in the property but may only take some lesser estate, leaving some type of reversionary interest in the Bank. However, we find that this issue is not properly before this court. Under the doctrine of *res judicata,* a final

judgment rendered by a court of competent jurisdiction on the merits is conclusive in the absence of fraud as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to subsequent action involving the same claim, demand or cause of action. This doctrine, in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, extends not only to the questions actually litigated and decided but to all other questions which might have been presented. *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.

■■■ The issue of what quantum of estate a school board may take in a condemnation proceeding should be properly raised in the original condemnation proceeding (F. Righeimer and F. Righeimer, Jr., Eminent Domain in Illinois § 2.02 (2d ed. 1972) ) and, in this case, has been finally adjudicated in favor of the Board by the trial court in the condemnation hearing by its award of fee simple absolute title to the Board. There is no question that the decision of the trial court in the condemnation suit was a final one, no appeal having been taken from its order, was rendered upon the merits by a court of competent jurisdiction, and involved the same demand as we have in this case. Accordingly, as there has been no allegation of fraud, the trial court's determination of this issue is conclusive as to these parties, and this plaintiff cannot relitigate this question in this subsequent proceeding for injunctive relief under the doctrine of *res judicata*. In this connection we refer to *People ex rel. White v. Busenhart* (1963), 29 Ill.2d 156, 193 N.E.2d 850. This is one of numerous appeals by the Schroeders involving the taking of their premises for school purposes. In this particular appeal the Schroeders contended that the court did not have jurisdiction to enter judgment for the taking of a fee simple title. The supreme court held that a judgment by condemnation was not subject to collateral attack and stated the following: "There, the condemnor's right to acquire by eminent domain was attacked, while here only the extent of the estate to be taken is alleged to be grounds for going behind the judgment. We are of the opinion that the fee-simple-title question is barred." (29 Ill.2d at 160, 193 N.E.2d at 853.) "The petitioners again sought to raise in the complaint the points urged in the eminent domain case. They go so far as to allege unequivocally that title was vested in the Schroeders despite the records of the court showing the judgment which we affirmed in the second appeal. (25 Ill.2d 289, [184 N.E.2d 872].) That judgment is not subject to collateral attack since the court had jurisdiction of the subject matter and the parties. [Citation.] * * * these points were improperly pleaded inasmuch as they constitute a collateral attack upon the judgment of the court vesting title in the

School Trustees." 29 Ill.2d at 162, 193 N.E.2d at 854-55. See also *Schroeder v. Busenhart* (1967), 80 Ill.App.2d 431, 438-39, 255 N.E.2d 702.

■■ The Bank has also alleged that the portion of the property which they had retained has been further damaged by the selling of the condemned property by the Board to private parties. The question of damages is also one which was properly before the trial court and which was finally adjudicated by that trial court in the condemnation proceedings. Thus, the Bank is also barred under the doctrine of *res judicata* from raising this question in these proceedings. See *Allen v. Haley* (1897), 169 Ill. 532, 48 N.E. 478; *McReynolds v. City of West Frankfort* (1954), 3 Ill.App.2d 406, 122 N.E.2d 433.

Accordingly, for the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.