PULLMAN BANK AND TRUST COMPANY, Trustee, *et al.*, Plaintiffs-Appellants, *v.* TRUSTEES OF SCHOOLS OF TOWNSHIP 37 NORTH, RANGE 13, East of the Third Principal Meridan in Cook County, Defendants-Appellees.

(No. 59212;

First District (4th Division)—February 13, 1975.

Gannon, Forst & Oosterbaan, of Blue Island, for appellants.

Burke and Weber, of Chicago (Thomas T. Burke and Robert J. Weber, of counsel), for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from a suit instituted by the plaintiffs against the defendants in which plaintiffs sought to have determined the nature of the title acquired by the defendants in a prior condemnation proceeding to a certain tract of land that had been owned by the plaintiffs. In Count I of plaintiffs' amended complaint the court was requested to declare plaintiffs the fee simple owners of the subject property free of any right, title and interest in the defendants. Count II requested the same relief but also asked the trial court to declare and find the extent of any obligation on the plaintiffs' part to reimburse defendants for all or some of the prior condemnation award paid by defendants to plaintiffs and any costs or interest due. Counts III, IV and V of the amended complaint requested the same relief as Count II, but Count III contained allegations of fraud and misrepresentation; Count IV contained allegations that plaintiffs had been deprived of their constitutional rights; and Count V contained allegations that defendant had been unjustly enriched. The case was submitted to the trial court upon the pleadings, a stipulation of facts, legal memoranda and oral argument. A judgment adverse to the plaintiffs was rendered and they now appeal.

Plaintiffs raise four issues for consideration on appeal. They contend that in a condemnation proceeding the title acquired by a school board is a title less than a fee simple absolute and may under proper circumstances revert, determine or terminate. Plaintiffs also contend that the

actions of the defendants subsequent to filing the petition to condemn constitute an implied fraud on the plaintiffs from which relief should be granted. It is also maintained by plaintiffs that if they are deprived of the subject property, defendants will be unjustly enriched and plaintiffs will lose a valuable property right without due process of law. The final contention of the plaintiffs is that the trial court erred in not granting their motion for a new trial or, in the alternative, to enter judgment for plaintiffs.

The pleadings and stipulation of facts reveal that on September 6, 1957, the defendants in the instant controversy filed a petition in the Superior Court of Cook County to condemn a certain tract of land which was at that time owned by the plaintiffs. The petition to condemn stated that the petitioner sought to acquire by condemnation for use by Community High School District No. 218 the fee simple title to the subject realty. The owners of the property did not file a traverse in the condemnation suit, nor did they in any way question the power of the petitioners to acquire fee simple title to their property. On March 28, 1960, a judgment order was entered in the condemnation suit which found that $48,000 was just compensation to be paid by the petitioner for the taking of the fee simple title to the property. It was further ordered that upon payment of the $48,000 together with interest and costs that petitioner be vested with the fee simple title to the real property and "shall be authorized and empowered to enter upon, retain, use and keep possession of said real property so paid for." Payment of the $48,000 and $7.50 costs were made to the owners of the property. Plaintiff-owners took no appeal from the condemnation suit nor directly attacked it in any other manner.

On July 21, 1969, the Board of Education of Community High School District No. 218 adopted a resolution which stated that the Board no longer considers the subject property needed for the uses of the School District and that it was in the best interest of the School District that the subject property be sold. The resolution requested that defendants sell the subject property at public sale for a price of not less than $400,000. Pursuant to the resolution the defendants offered the subject property for sale on September 20, 1969. The highest bid received was $280,000 which was refused and the sale adjourned.

On May 25, 1970, the Board adopted another resolution authorizing the sale of the subject property for a price of not less than $400,000. However, no sale of the subject property has been made.

The stipulation of facts contained five other factual matters which were submitted by the plaintiffs as being relevant to the instant controversy and which were objected to by defendants as being irrelevant. The

matters deemed relevant by plaintiffs and irrelevant by defendants are the following:

(a) The actual market value of the subject property at the time the instant law suit was filed was in excess of $400,000;

(b) From September 6, 1957 to the filing of the instant law suit defendants acquired four school sites in addition to the subject property and erected school buildings and facilities on three of the four sites. The subject property of the instant controversy remains unimproved and vacant.

(c) Prior to the filing of the condemnation petition defendants allegedly consulted and examined site feasibility studies which defendants had ordered prepared for them. These studies have been lost or misplaced and no similar studies were made subsequent to September 6, 1957;

(d) No engineering studies, topographical surveys or soil tests were made of the subject property to determine suitability for building purposes and the subject property remains in the same state as when defendants filed their petition to condemn;

(e) The plaintiffs in the instant controversy owned property contiguous to the subject property prior to the filing of the condemnation suit and still own this continguous property.

The trial court, after considering the pleadings, the stipulation of facts and legal memoranda submitted by the parties, and hearing oral argument, rendered a judgment against the plaintiffs. The trial court found that as a matter of law, by reason of the fact that just compensation and costs had been paid by the defendants herein in the condemnation suit, they had acquired fee simple title to the subject property. The court also found that as a matter of law, pursuant to section 7—17 of the School Code (Ill. Rev. Stat. 1957, ch. 122, par. 7—17), the defendants had the power in a condemnation suit to take fee simple title to land and later sell the same. However, the trial court also found that no appeal had been taken from the condemnation judgment and that the instant suit was an impermissible attempt to collaterally attack that judgment. The judgment order concluded by stating that the amended complaint of the plaintiffs failed to state a cause of action and that the plaintiffs were not entitled to any of the relief requested and that defendants were entitled to a dismissal of the amended complaint. As previously stated, plaintiffs filed a post-trial motion requesting a new trial or, in the alternative, judgment for the plaintiffs, but the motion was denied.

Plaintiffs have raised four substantive issues in this appeal. However, due to our view of this case it will be unnecessary to reach the merits of

any of these issues. We are of the opinion that the instant law suit constitutes an impermissible collateral attack on the condemnation judgment and, therefore, plaintiffs are precluded from raising the questions in this appeal.

The petition in the condemnation suit requested that the petitioners (defendants herein) be given the fee simple title to the subject property, and the judgment order awarded fee simple title to the petitioners. The owners never questioned the ability of the petitioners to take fee simple title to the subject property and never appealed the condemnation judgment order. The owners were paid and accepted the condemnation award. However, now, some 9 years after the condemnation judgment order was entered, plaintiff-owners instituted the instant law suit, the essence of which is to question the quantum of the title acquired by the defendants in the prior condemnation proceeding and the main allegation of which is that upon nonuse of the property for school purposes the subject property reverts to the plaintiffs. This issue cannot now be raised.

■■ There is no question but that the trial court in the condemnation proceeding had subject-matter jurisdiction and personal jurisdiction over the parties. A collateral attack on a judgment occurs when an attempt is made to impeach the judgment in an action other than that in which it was rendered. (*City of Des Plaines v. Boeckenhauer*, 383 Ill. 475, 480, 50 N.E.2d 483, 486 (1943).) As stated by the Illinois Supreme Court in *Baker v. Brown*, 372 Ill. 336, 340, 23 N.E.2d 710, 712 (1939):

> "The general rule is, a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in any collateral action or proceeding, except for fraud in its procurement, and even if the judgment is voidable and is so illegal or defective that it would be set aside or annulled on a proper direct application, it is not subject to collateral impeachment so long as it stands unreversed and in force. (*People v. Sterling*, 357 Ill. 354; *East St. Louis Lumber Co. v. Schnipper*, 310 id. 150; *Weberpals v. Jenny*, 300 id. 145; *Donner v. Highway Comrs.* 278 id. 189; *Miller v. Rowan*, 251 id. 345; *Figge v. Rowlen*, 185 id. 234.) This rule is so well settled it is not open to question."

There is no allegation in the instant controversy that the condemnation judgment was fraudulently procured, and, therefore, it is readily apparent that the instant law suit is an impermissible collateral attack on the condemnation judgment. Without deciding the correctness of the condemnation judgment order's granting to the petitioners (defendants herein) fee simple title to the property in question, we are of the opinion that even if that judgment were erroneous the issue of the quantum of

title acquired by defendants in the prior condemnation suit is *res judicata* and the condemnation judgment cannot now be collaterally attacked.

■■ The recent case of *La Salle National Bank v. County Board of School Trustees*, 23 Ill.App.3d 575, is factually identical to the case at bar. In *La Salle* the former owners of a tract of real estate taken in a condemnation suit by the Board of School Trustees of Du Page County sought to have title revested in them when the property was not utilized for school purposes. As in the case at bar, no appeal or direct attack had been made on the condemnation judgment which gave the Board fee simple title to the realty. The appellate court stated at pages 577-78 of its opinion:

> "Under the doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive in the absence of fraud as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to subsequent action involving the same claim, demand or cause of action. This doctrine, in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, extends not only to the questions actually litigated and decided but to all other questions which might have been presented. *People v. Kidd*, (1947), 398 Ill. 405, 75 N.E.2d 851."

The court went on to state that the question of the quantum of estate a school board may take in a condemnation suit should be raised in the original condemnation proceeding. Similarly, the plaintiff-owners in the case at bar should have raised the question of the ability of the defendants to acquire fee simple title in condemnation in the original condemnation proceeding. This was not done, nor was any appeal or other direct attack made on the condemnation judgment, and, therefore, under the legal principles previously stated, the issue of the quantum of title acquired by the defendants in the prior condemnation suit is not properly before this court.

For the reasons herein stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.