(Nos. 47284, 47477 cons

LA SALLE NATIONAL BANK, Trustee, Appellant, v. COUNTY BOARD OF SCHOOL TRUSTEES OF DU PAGE COUNTY *et al.*, Appellees.—PULLMAN BANK AND TRUST CO., Trustee, *et al.*, Appellants, v. TRUSTEES OF SCHOOLS OF TOWNSHIP 37 NORTH, RANGE 13 EAST, OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, Appellees.

*Opinion filed Sept. 26, 1975.—Rehearing denied Nov. 21, 1975.*

Sneider and Troy, of Chicago (Richard J. Troy and Gayle F. Haglund, of counsel), for appellant.

C. Richard Johnson and James N. Nowacki, both of Chicago (Isham, Lincoln & Beale, of counsel), for appellee Hinsdale Elementary School District 181.

No appearance for other appellees.

No. 47477.—Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Francis T. Delaney, Judge, presiding.

Gannon, Forst & Oosterbaan, of Blue Island (Peter D. Oosterbaan, of counsel), for appellants.

Burke and Weber, of Chicago (Thomas T. Burke and Robert J. Weber, of counsel), for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

These appeals involve similar questions and were consolidated for argument and opinion. The questions relate to the character of the estate that a school board may acquire through an eminent domain proceeding and to the effect of the condemnation judgment.

The appeal in No. 47284, La Salle National Bank v. County Board of School Trustees of Du Page County *et al.*, is from a judgment of the appellate court (23 Ill. App. 3d 575) that La Salle National Bank (hereafter La Salle)

could not in a subsequent proceeding attack an earlier condemnation judgment in favor of the County Board of School Trustees of Du Page County (Board).

The Board under its eminent domain authority (Ill. Rev. Stat. 1969, ch. 122, par. 10—22.35A) filed a petition in the circuit court of Du Page County to condemn a 30-acre tract of land, title to which was held by La Salle as the trustee. On September 21, 1970, the circuit court entered an order, based on a stipulation between the parties, awarding La Salle $360,000 and vesting title in fee simple in the Board. There was no appeal from this judgment. The intention of the Board to construct a school on the site was defeated when the voters of the school district voted against the proposal. Subsequently the Board, under its statutory authority (Ill. Rev. Stat. 1971, ch. 122, par. 5—22), determined that it would be in the best interests of the school district to sell the land at a public sale. At the sale the Board accepted the bid of Mac Diarmid-Palumbo, Inc., a defendant here, of $425,000. A bid of $360,000 by La Salle was rejected. La Salle filed suit in August 1972, in the circuit court of Du Page County in behalf of the former beneficial owners of interest in the parcel seeking to restrain the Board from transferring title to Mac Diarmid and contending that the Board did not have title in fee simple to the land. La Salle alleged that it had retained a reversionary interest in the land. The circuit court granted the defendants' motion for summary judgment and La Salle appealed to the appellate court. That court, without reaching the issue of the estate that the Board acquired, held that La Salle was barred under the doctrine of *res judicata* from challenging the judgment of the circuit court of Du Page County which vested title in the Board. (*La Salle National Bank v. County Board of School Trustees*, 23 Ill. App. 3d 575, 578.) We granted La Salle's petition for leave to appeal.

The circumstances of No. 47477, Pullman Bank and Trust Co., Trustee, *et al.*, v. Trustees of Schools of

Township No. 37 North *etc.,* are similar. In September of 1957 the Trustees of Schools of Township No. 37 North (hereafter, Trustees) filed a petition in Cook County to condemn land held by Pullman Bank and Trust (Pullman) as a trustee. (Ill. Rev. Stat. 1955, ch. 122, par. 7—17.) In March, 1960, a judgment was entered awarding Pullman $48,000 and vesting title in fee simple in the Trustees. There was no appeal. The land was not used as a school site, and in September, 1969, and again in May of 1970 the Trustees offered to sell the land at a public sale for a price not less than $400,000. (Ill. Rev. Stat. 1967, ch. 122, par. 5—22.) However, the highest bid received for the land was $280,000. Pullman filed an action in November, 1969, against the Trustees in the circuit court of Cook County alleging it had retained in the land after the condemnation proceeding the same type of interest as La Salle claimed. The circuit court held for the Trustees, and in the subsequent appeal by Pullman the appellate court held that the Trustees had been given title in fee simple in the condemnation proceeding and that Pullman's subsequent questioning of the estate that was taken by the Trustees was barred under *res judicata.* (26 Ill. App. 3d 604, 609.) We granted Pullman's petition for leave to appeal and consolidated the two appeals.

Since the questions raised and the arguments presented by the plaintiffs La Salle and Pullman are similar, we may consider them together. The plaintiffs argue that their contentions are not barred under the doctrine of *res judicata* because they are different from those raised in the original condemnation proceedings. They contend, too, that in an eminent domain proceeding a school board acquires not fee simple title but rather a base or determinable fee and when the acquired land is no longer used for school purposes, there is a reversion to the land's former owner. However, because of the disposition we make of the plaintiffs' first contention we shall not reach their second claim.

The records in these cases show that the circuit courts' judgments in the eminent domain actions stated that title in fee simple to the respective parcels was to be vested in the Board and the Trustees. In the La Salle action, the court's judgment order stated in part:

> "To the owner or owners of and party or parties interested in said real property for the fee simple title to said property, which is legally described as follows: *** as full compensation to the owner or owners *** for the fee simple title to said property *** the sum of THREE HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS ($360,000)."

In the Pullman action the order declared that the court awarded to Pullman "for the taking of the fee simple title to said land, the sum of Forty Eight Thousand ($48,000.00) and no/100ths Dollars." There is nothing to show the plaintiffs sought to retain any reversionary interests and nothing to indicate that the parties and the trial court were concerned with any estate less than a fee simple. The question is whether the plaintiffs can now attack in collateral proceedings these judgments which declared the condemnors were acquiring titles in fee simple.

A fundamental statement of the doctrine of *res judicata* was made by this court in *People v. Kidd,* 398 Ill. 405, 408:

> "*** a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." See *People ex rel. McAllister v. East,* 409 Ill. 379, 383; *Chicago & Western Indiana R.R. Co. v. Alquist,* 415 Ill. 537, 541.

And in *People ex rel. McAllister v. East,* 409 Ill. 379, 383, it was said:

> "*** however erroneous the decision may

be, it is binding upon all parties until it is reversed or set aside in a direct proceeding for that purpose. In other words, the court having jurisdiction has jurisdiction to decide erroneously as well as correctly."

The doctrine of *res judicata* extends not only to what actually was decided in the original action but also to matters which could have been decided in that suit. This was illustrated in *Harvey v. Aurora and Geneva Ry. Co.,* 186 Ill. 283, where, as Pullman and La Salle seek to do here, the plaintiffs in error sought to make a collateral attack on the condemnation judgment. The defendant in error in *Harvey* had obtained permission from the city of Geneva to lay tracks for its railway. With statutory authority it filed a petition to condemn certain land of the plaintiffs in error which was necessary for the railway, and obtained a judgment. The plaintiffs in error vigorously disputed the right of the defendant in error to have the land condemned, and three successive appeals to this court were taken. On the third appeal the plaintiffs in error argued for the first time that the railroad had exceeded the authority given it by the city of Geneva to lay track, and had laid track in an area where it had no permission to do so. They contended that this should provide an effective defense to the petition to condemn their property. This court, after observing that this question as to the proper authority from the city of Geneva could have been raised earlier, stated, in rejecting the argument of the plaintiffs in error:

"*** The previous decisions of the court concerning the right to take the property of plaintiffs in error settled every question which might have been raised and every objection that might have been made, whether then raised and made or not. The doctrine of *res judicata* embraces not only what has been actually determined in the former suit, but also extends to any

other matter which might have raised and determined in it." *Harvey v. Aurora and Geneva Ry. Co.,* 186 Ill. 283, 294; see also *Bell v. Mattoon Water-works and Reservoir Co.,* 245 Ill. 544, 548.

More recently, this was illustrated in *People ex rel. White v. Busenhart,* 29 Ill.2d 156, which involved an appeal that arose out of the condemnation of land for use as a school site. The circuit court denied leave to file a taxpayer's complaint for an injunction against the expenditure of public funds. (Ill. Rev. Stat. 1961, ch. 102, pars. 11 through 16.) Nine paragraphs of the complaint were allegations that related to the original eminent domain action, the judgment in which had been affirmed by this court prior to the filing of the petition for leave to file. (*Trustees of Schools v. Schroeder,* 25 Ill.2d 289.) On appeal from the denial of leave to file, this court stated:

"*** That [the earlier eminent domain judgment] judgment is not subject to collateral attack since the court had jurisdiction of the subject matter and the parties. (*Chicago and Western Indiana Railroad Co. v. Alquist,* 415 Ill. 537; *Chicago and Alton Railroad Co. v. Springfield and Northwestern Railroad Co.* 67 Ill. 142.) Consequently, these points were improperly pleaded inasmuch as they constitute a collateral attack upon the judgment of the court vesting title in the School Trustees." *People ex rel. White v. Busenhart,* 29 Ill.2d 156, 162.

In the eminent domain proceedings here judgments were entered that the school trustees who had instituted the actions were to take fee simple estates. The jurisdiction of those courts is not disputed. La Salle and Pullman had the opportunity to contend in the eminent domain action that the school authorities would take less than a fee simple estate but did not do so. No appeals were taken from those final judgments. The judgments are not now subject to collateral attack. Pullman and La Salle cannot

litigate the question they could have had decided in the original proceedings.

La Salle argues that a former judgment cannot bar a right not yet in existence and that since it had only a possibility of reverter until the parcel of land was put up for sale, its action is not barred by *res judicata.* However, in making this argument La Salle of course is gratuitously assuming that the Board received a determinable fee and not a fee simple. As we have pointed out, La Salle is precluded from collaterally challenging the judgment vesting a fee simple in the Board.

Another contention of La Salle is that the title was never vested in the Board, as the referendum which would have allowed the Board to construct the school was defeated. A consequence of the defeat, La Salle says, was that the public purpose for the taking of the land, the construction of a school, never came into existence. However, the right of the Board to condemn the property for use as a school site was not dependent on the approval of the voters for the construction of the school. The Board, under the statute, had an independent authority to acquire the land. *County Board of School Trustees v. Boram,* 26 Ill.2d 167.

There is no substance to La Salle's complaint that the Board's sale of the land may cause damage to the remainder held by La Salle. As the holder of title in fee simple the Board, upon the failure of the contemplated public purpose, was free to convey the land, regardless of complaints by other landowners. We have a statute (Ill. Rev. Stat. 1973, ch. 122, par. 5—22) which specifically authorizes sale when the property has become "unnecessary" for school use.

For the reasons given, the judgments of the appellate courts in both appeals are affirmed.

*Judgments affirmed.*