**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190282-U

Order filed February 11, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JOSEPH MINNEMAN, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0282 |
| | ) | Circuit No. 18-MR-668 |
| CHARTER NATIONAL LIFE INSURANCE | ) | |
| CO., | ) | |
| | ) | Honorable Mark E. Gilles, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing plaintiff's petition for declaratory judgment as his claim is barred under the doctrine of *res judicata*.

¶ 2    Plaintiff, Joseph Minneman, appeals an order granting defendant, Charter National Life Insurance Company's, motion to dismiss plaintiff's petition for declaratory judgment. We affirm.

¶ 3                                          I. FACTS

¶ 4        In 1990, plaintiff purchased an annuity from defendant. The contract explained the calculation for the accumulated value of the annuity and provided detailed payout options and schedules. The payout options and schedules defined the amount defendant was required to pay plaintiff each year under each annuity payout option. In 2009, plaintiff contacted defendant regarding the payout options under the annuity contract. Defendant explained the payout options and provided plaintiff with illustrations to explain the calculation for each option.

¶ 5        In 2011, plaintiff filed a complaint against defendant in the circuit court. The complaint sought an adjudication of the rights and liabilities of the parties under the annuity contract. Plaintiff also sought a declaratory judgment that "Defendant has an obligation to provide Plaintiff with the contract terms it states to Plaintiff that is in the contract as it represented exist used to calculate the monthly benefits it states are due to Plaintiff." Plaintiff asked the circuit court to order "Defendant to provide Plaintiff with the facts, figures, numbers and formula used by Defendant to calculate the monthly figure as to the amount that Defendant has told Plaintiff he is entitled[.]"

¶ 6        In 2012, the circuit court entered an order granting summary judgment in favor of defendant. The court also denied plaintiff's motion to reconsider. The court determined that plaintiff failed to demonstrate an actual controversy between the parties as required for declaratory relief. The court also found that plaintiff failed to present a breach or anticipatory breach of the annuity contract. Instead, the court found that defendant presented facts that it fully intended to honor the contract. The court noted, "It is still unclear exactly what plaintiff seeks to compel defendant to do; but defendant is not obligated under the terms of the annuity contract to do anything more than what it has done to date—pay plaintiff under the terms (tables) of the contract."

¶ 7         Next, plaintiff filed a petition for declaratory judgment. The petition is the subject of this appeal. Plaintiff again based his petition on the annuity contract between he and defendant. He challenged the terms of the agreement by alleging,

> "The controversy is whether any insurable risk is involved that the Defendant assumed as Defendant's offer of a variable annuity provided investment contracts that are subject to Plaintiff's risk of loss and as recipient for any gain as to how his investment contracts perform as to value and continue to perform thereof and not that of insurance contracts[.]"

Plaintiff's petition requested declaratory relief finding that he:

> "layed out his money (Capital) for the purpose of securing maximum taxable income and profit from Defendant's employment thereof which arises from and through the activities and management of Defendant and its' [*sic*] agents which is the basis of the bargain of a variable annuity which the S E C states and the U S Supreme Court found is an investment contract and not that of an insurance contract that is exempt from S E C protections of an investor[.]"

¶ 8         In response, defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 2-619.1 (West 2018)). Defendant argued that the circuit court should dismiss plaintiff's action for three reasons: (1) the petition failed to allege an actual controversy between the parties; (2) the petition improperly sought to enforce plaintiff's rights after the fact; and (3) the doctrine of *res judicata* barred plaintiff's claim. To support its motion,

defendant attached the complaint and dismissal order from plaintiff's 2011 lawsuit. The circuit court found that all three grounds for dismissal required dismissal. The court dismissed the petition with prejudice.

¶ 9                                    II. ANALYSIS

¶ 10        At the outset, we note that plaintiff's opening brief on appeal fails to clearly set forth any arguments challenging grounds for the circuit court's dismissal of his petition for declaratory judgment. In fact, plaintiff's opening brief does not even argue that the circuit court erred. Instead, it focuses on his interpretation of the contract and how he believes defendant breached the contract. As best as we can discern, plaintiff's argument focuses on whether an actual controversy exists between the parties. While this normally results in forfeiture of the arguments as to the other grounds for dismissal (Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)), defendant does not make a forfeiture argument. In any event, plaintiff's reply brief generally responds to defendant's brief as to the other grounds for dismissal. Upon review, we find the circuit court did not err when it dismissed plaintiff's complaint as his action is barred under the doctrine of *res judicata*. As a result, we need not reach the other grounds for dismissal the circuit court relied upon.

¶ 11        "The doctrine *of res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). *Res judicata* consists of three requirements: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994). If all three requirements are met, *res judicata* bars not only the actual decision in the first action but whatever could have been decided. *La Salle National Bank v. County Board of*

*School Trustees of Du Page County*, 61 Ill. 2d 524, 529 (1975). The standard of review from a dismissal based on the doctrine of *res judicata* is *de novo*. *Kiefer v. Rust-Oleum Corp.*, 394 Ill. App. 3d 485, 489 (2009).

¶ 12    Here, we find all three requirements of *res judicata* are met. First, a final judgment on the merits occurred in a prior case. In 2012, the circuit court entered an order granting summary judgment dismissing plaintiff's 2011 complaint. In relevant part, the court found that plaintiff failed to demonstrate defendant's breach or anticipatory breach of the annuity contract. Instead, the court found that defendant presented facts that it fully intended to honor the contract and had honored the contract to date. The court further found that defendant had no obligation under the terms of the contract to do any more than what it had done to date—pay plaintiff under the terms of the contract. The granting of summary judgment served as an adjudication of the claim on the merits. See *Sampson v. Cape Industries Ltd.*, 229 Ill. App. 3d 943, 949 (1992).

¶ 13    Second, there is an identity of the cause of action. If the same set of facts are essential to both lawsuits or if the same evidence is needed to sustain both complaints, then an identity of the cause of action exists. See *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). Even if no substantial overlap of evidence exists, claims are identical for purposes of *res judicata*, if they arise from the same transaction. *Id*. Here, the facts asserted by plaintiff did not change from his 2011 complaint to the petition for declaratory judgment he filed in this case. Both lawsuits arise from the same operative facts: plaintiff's dissatisfaction with the terms of the contract he entered with defendant. Plaintiff fails to explain why he could not have presented the claims made in his petition for declaratory judgment at the time he filed his first complaint in 2011.

¶ 14    Last, the parties in the 2011 complaint and the present petition for declaratory judgment are identical. Neither party contests that plaintiff named the same defendant in both lawsuits.

Accordingly, the privity of parties' element is met. As all three elements of *res judicata* are satisfied, we conclude the circuit court did not err when it dismissed plaintiff's petition for declaratory judgment.

¶ 15                                  III. CONCLUSION

¶ 16          For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 17          Affirmed.